ROBERT A. WHITMAN, plaintiff in error, *vs.* JAMES BOLLING, defendant in error.

1. It is not enough for a *bona fide* purchaser of realty who has had possession of the same for four years, where the property is levied on under a judgment against a prior owner and offered at sheriff's sale, to give notice at the sale, at which he was present and bid on the property, that he holds the title to it. He should state also that it is not subject to the execution. If he fail to do so, he is estopped from denying that the judgment was a lien on the property in a subsequent suit to recover the land brought by him against the purchaser who bought at the sale.

2. Evidence that a prior owner of the land sued for, was authorized by attorneys for plaintiff in *fi. fa.* to control the execution under which the land was sold by the sheriff and bought by defendant, should have been permitted to go to the jury, where there was some proof that such former owner was then acting as agent for the plaintiff in the ejectment suit in effecting the sale of the property for the purpose of perfecting the title of his principal, to whom he had sold the land by a warranty deed, but which purpose had failed, by reason of the defendant in ejectment bidding more for the property than the plaintiff, as his said agent, was willing to pay.

3. It is no error in the Court to refuse to allow the jury to mould their verdict so as to effect the interest of a person not a party to the suit.

Ejectment. Estoppel. Presence at sale. Notice. Charge of Court. Verdict. Before Judge PARROTT. Catoosa Superior Court. February Term, 1872.

James Bolling brought complaint against Robert A. Whitman for a certain tract of land in the county of Catoosa, to-wit: town lots numbers fifty and fifty-one in the town of Ringgold.

The defendant pleaded the general issue, and for further plea, that plaintiff had no title or interest in said land, but that said suit was being prosecuted for the sole benefit of one John M. Combs, of said county; that said Combs bought said property in the year 1862 from one Wooten, of the firm of Wooten & Gordon, and afterwards sold said property to plaintiff; that at the time of said sale from Wooten to Combs and from Combs to plaintiff there was a valid judgment in the Superior (Inferior) Court of said county in favor of Lellyett & Smith against Wooten & Gordon, of which said Combs and Bolling had no notice at the time they purchased; that in 1867 said Combs, knowing of said judgment and of other judgments against said Wooten, being desirous of perfecting his title to said land, and believing that if it were then brought to sale no one would bid the full value thereof, and that he could, by having it sold, buy in said property for much less than its value, and thus perfect his title to the same and his warranty, with the consent of said Bolling he applied to the attorneys of Lellyett & Smith and procured them to have the *fi. fa.* levied upon said property and instructed the sheriff to sell the same as the property of said Wooten; that said sheriff sold the property to the highest bidder on the first Tuesday in July, 1867, defendant being the purchaser, for the sum of $870 00; that said Combs and Bolling were both present at said sale, bidding for said property, and knowing that defendant was bidding for the same; that neither Combs nor Bolling gave any notice that they claimed the same, but by bidding against the defendant, and running the property up on him, and by other acts encouraged him to buy the same; that, after said sale, defendant made permanent improvements on said property to the value of $200 00, and other improvements to the value of $200 00; that said Bolling and Combs passed by almost every day whilst said improvements were

Whitman *vs.* Bolling.

being made and gave no notice of any claim; that, after said sale, Bolling received from Combs the full amount of purchase money and interest formerly paid by him for said property, and released said Combs from his warranty, and relinquished to him all interest in said property.

It appeared, from the evidence, that the property in dispute was conveyed by A. L. Barry to C. L. Wooten on February 5th, 1858; that Wooten conveyed to J. M. Combs on September 1st, 1862; that Combs conveyed to James Bolling on March 3d, 1863; that Bolling remained in possession of said property from the date last aforesaid until the sale by the sheriff, except when compelled to leave by the presence of the Federal army; that Lellyett & Smith recovered a judgment against the firm of Wooten & Gordon, in the Inferior Court of Catoosa county, on July 23d, 1860, for the sum of $397-83, principal, besides interest and costs; that the execution, based upon said judgment, was on May 31st, 1867, levied upon the property in dispute as belonging to C. L. Wooten, a member of the firm of Wooten & Gordon; that said property was sold on the first Tuesday in July, 1867, to defendant for the sum of $870 00, and a deed executed by the sheriff; that defendant has remained in possession of said property from the aforesaid sale; that Bolling purchased the property from Combs for $1,300 00, of which amount he had paid $800 00 prior to the sale; that Combs, since said sale, had repaid to Bolling $600 00 on his warranty; that the property was levied on by consent of Combs, but without the knowledge of Bolling, in order to protect the title of the latter; that after the advertisement of the property, when Bolling heard of the arrangement, he seemed to reflect on Combs for making it, but when advised by Combs that he could file a claim and stop the sale, he said to him, "No! make your own arrangements, I hold you responsible;" that Bolling and Combs both bid on the property at the sale.

The evidence as to whether notice was given by Bolling at the sale, of his claim on the property, was conflicting. Bolling

testified that he did give public notice that he claimed the property and had a legal title to the same.

The abstract of the foregoing evidence, with the motion for a new trial, is all that is necessary to an understanding of the decision of the Court.

The jury returned a verdict for the plaintiff for the premises in dispute, and $85 00 for *mesne* profits.

The defendant moved for a new trial upon the following grounds, to-wit:

1st. Because the Court refused to charge the jury as requested, to-wit: "That if Combs consented for the property to be levied on, and sold as the property of Wooten, and Bolling knowing the facts, and being present at the sale, and having a chance to prevent the sale by claim, and to give notice of his objection and claim, failed to give notice, and acquiesced in the sale, he is estopped from enforcing his title against the purchaser at such sale," the Court saying that he had already given the substance of this charge, in his general charge, as set forth in the next specification.

2d. Because the Court failed to submit the issues in the case fully and fairly to the jury, in his charge as given, which was as follows, to-wit: "It is claimed by the plaintiff that he purchased the premises in dispute in good faith, and that under said *bona fide* purchase he has held possession of the premises for four years before the property was seized and levied on by the sheriff, and that in consequence of such purchase and possession his title was good at the time of the levy, and that the sale by the sheriff conveyed no title to the purchaser, Whitman.

"It is also claimed that it does not appear affirmatively, from the evidence in the case, that the execution against Wooten & Gordon was legal, by showing that Wooten, one member of the firm, was served in the original action, upon which the judgment was obtained, and, therefore, the title arising under said execution is void. It is insisted by the defendant that he bought the premises in dispute at sheriff's sale, in 1867, under a judgment against Wooten, and that the

premises were properly subject to said judgment, and that the sheriff's deed, in pursuance of said sale, conveyed to him good title to the premises.

" It is also insisted by the defendant that he is an innocent purchaser, without notice, and that Bolling was present, acquiescing in, recognizing the validity of the sale, and that, by standing by and not asserting his title, or making his claim known, and permitting Whitman to buy the property, he is estopped from asserting his title, though the same may have been good ; that by pursuing this course, he virtually relinquished his title and recognized the right of the sheriff to convey title, and that if, now, Bolling can recover the land, he is permitted to defraud the innocent purchaser.

" It is further insisted that Combs being interested in the event of the suit, although the recovery, if had at all, must be had on the strength of Bolling's title, that his action in the premises should be allowed to influence the recovery in the case.

. 1st. With reference to the first point relied on by the plaintiff as to the four years' possession, the Court charges you that the law is as follows : When any person has, *bona fide,* and for a valuable consideration, purchased real property, and has been in possession of it for four years, it shall be discharged from the lien of any judgment against the person from whom he purchased it, and that if the evidence shows that Bolling had purchased the premises in dispute, *bona fide,* and for a valuable consideration, and had the same in his possession for four years after such purchase, and before it was levied on by the sheriff, said property is protected from the lien of said judgment, and the sheriff had no right to seize and sell the same, and Whitman got no title by the sale.    In arriving at the fact as to the length of time Bolling had been in possession of the premises after his purchase, and before the levy, if the jury believe from the evidence that the plaintiff and his family were forced away from his property by the Federal army, and possession was held by that power for a period of time, and Bolling returned and reoccupied the same

as soon as he could do so, the possession of the public enemy will be counted as the possession of Bolling, and this period should be counted in as a part of his possession. If this time, together with the time he possessed the property before he and his family were forced away, and the time he possessed it after his return and before the levy, make four years' possession, he is protected from the judgment against Wooten. The fact as to compulsion of Bolling and his family to leave the property must be ascertained by the jury from the evidence. If you find the four years' possession to have existed under said *bona fide* purchase for a valuable consideration, if the case stops here, you should find for the plaintiff.

2d. With regard to the second point of plaintiff, as to the binding effect of the judgment as it stands: If the lien has not been discharged by this four years' possession, the Court charges you that the presumption of law is in favor of the validity and regularity of the judgment until the evidence shows the contrary, and the levy and sale under the judgment would be valid. With reference to the second point made by the defendant, that the plaintiff is estopped from his recovery in this case by the conduct of Bolling, the Court charges you that if you find from the evidence that Bolling did stand by and acquiesce in the sale of the premises in dispute, as the property of Wooten, and acted in such manner as to induce Whitman to believe that the property was subject to the judgment against Wooten, and did not notify him of his claim, he is estopped, and cannot recover against Whitman. This would be allowing a man to take advantage of his own wrong. But if Bolling did, in the presence of Whitman, on the day of sale, assert his claim, and give him notice of his title to the property, he was not obliged to file a claim, under the statute. It would be sufficient if he notified the persons at the sale, and especially Whitman, that he claimed the property as his own. This you must learn from the proof. The Court cannot intimate to you what has been proved."

3d. Because the plea filed in said case set up as a defense that Combs was the real party interested in a recovery, and

that Combs was estopped from recovering in said case, either in his own name or Bolling's, and that the case should be tried as on a bill filed, and defendant, throughout the case, insisted that Combs was the real party plaintiff, and, in his argument, took the ground that if Combs had an interest, the jury should render a decree so framed as to prevent a recovery of Combs' interest, and the Court excluded the consideration of the equities in the case. The charge was, that the jury must find a general verdict for the defendant or a general verdict for the plaintiff, thus preventing a trial of said case as on a bill filed in equity, which defendant insisted was the proper mode of trial.

4th. Because the Court erred in refusing to allow defendant to show, by the sheriff, the instructions given to him by the attorney of Lellyett & Smith at the time of the levy on the property under their *fi. fa.*, defendant insisting that he had a right to show that Combs was authorized to dismiss the levy if he thought proper, before the sale, and that Combs' acts had been ratified by Bolling.

The motion for a new trial was overruled by the Court and defendant excepted, and assigns said ruling as error.

E. M. Dodson; W. W. Payne, for plaintiff in error.

Bolling is estopped by his acquiescence: 2 Pars. Con., 793; 1 Green. Ev., 207. Estoppels favored in behalf of innocent purchaser: 2 Smith's Lead. Cases, 619. Instructions to sheriff admissible: 10 Ga. R., 362; Par. Mer. Law, 137; Dun. Paley's Agency, 324; Broom's Legal Maxims, 676. Jury should have been allowed to find an equitable verdict: Code, sec. 3027; 37 Ga. R., 364. Defendant in ejectment may show title out of plaintiff: 10 Ga. R., 186; 11 *Ibid.*, 119.

J. H. Anderson; A. T. Hackett, represented by W. H. Dabney, for the defendant.

Montgomery, Judge.

1. In this case, the plaintiff was present at the sheriff's sale of the property now sued for, and was one of the principal

bidders against the defendant—in fact, made the bid next preceding the last and purchasing bid of the defendant. The defendant swears he (the plaintiff) gave no notice whatever, at the sale, of any claim he had to the property. The plaintiff testifies that he did give public notice that he "claimed the property, and had a title to it; that I (he) had bought it once and paid for it." The evidence shows that the information contained in this announcement was generally known, and certainly known by the defendants; but it also shows that the property was levied on under an execution against a former owner, under whom the plaintiff claimed. The announcement which the plaintiff testifies he made is perfectly consistent with the idea that the land was, nevertheless, subject to the lien of the judgment against the former owner. The failure of the plaintiff to give notice that he claimed that the lien (which certainly, under the evidence, did at one time exist upon the property,) was divested, coupled with the fact that he was present, bidding upon the property, was well calculated to mislead the defendant, and would operate as a fraud upon him if held not to estop the plaintiff from now setting up a claim superior to the lien of the judgment against the former owner.

2. The evidence of Combs, the immediate vendor of the plaintiff, shows that the property was levied on and sold at his instance, in order to enable him to buy it in and perfect Bolling's title, and that he informed Bolling of this arrangement before the sale, stating to him that if he desired to stop the sale, he might do so by putting in a claim. This Bolling declined to do, saying, "No! make your own arrangements; I hold you responsible." These facts, taken in connection with Bolling's bidding at the sale and failing to put in a claim, was some evidence of an acquiescence on his part in the arrangement made by Combs to perfect the title. If he did acquiesce in the arrangement, Combs, so far as the rights of third persons were concerned, was his agent for carrying it into effect. And, hence, defendant should have been permitted to show that Combs was authorized to dismiss the levy.

3. The seventh ground for a new trial reads as follows: "Because the plea in said case set up, as a defense, that Combs was the real party interested in the recovery, and insisted that Combs was estopped from recovering, in said case, either in his own name or Bollings, and that the case should be tried as on a bill filed, and defendant, throughout the case, insisted that Combs was the real party plaintiff, and in his argument took the ground that if Combs had an interest the jury should render a decree, so framed as to prevent a recovery of Comb's interest, and the Court excluded the consideration of the equities in said case; the charge was that the jury must find a general verdict for the plaintiff, or a general verdict for the defendant, thus preventing a trial of the case, as on a bill filed in equity, which defendant insisted was the proper mode of trial." This was an action of ejectment, and the evidence showed the legal title to be either in the defendant or plaintiff. If it had shown the title to be in Combs, that would still have entitled the defendant to a general verdict. We have gone very far in Georgia in breaking down the barriers between Courts of law and Courts of equity. But neither Courts of law nor equity have yet gone so far as to adjudicate the rights of one not a party to the record.

Judgment reversed.