## HARRIS & MITCHELL *v.* AMOSKEAG LUMBER COMPANY.

1. Admissions of matters of fact in pleadings operate as estoppels only as between the parties to the cause in which they are made, and their privies; and hence, while, in the trial of a cause between one of such parties and a third person who was not a party to the action in which such statements were made, such statements may, if otherwise relevant, be received as admissions upon the part of the party making them, it was error for the trial judge to charge the jury, in effect, that because they were made in the course of a judicial proceeding, they operated as estoppels upon the person making them, and that such party would not be heard as against such third person to aver anything to the contrary of what was contained in such admissions.

2. Where one agrees to purchase from another the timber growing upon a tract of land, and in pursuance of such agreement, is permitted by the seller peaceably to enter and appropriate the timber thereon to his own use, he can not, in the absence of fraud or other circumstances justifying a repudiation by him of such agreement, after having so enjoyed the fruits of it, defeat an action for the recovery of the purchase-price by showing that at the time the agreement to purchase was made he already held paramount title to the land in question.

3. Where one purchases a tract of land from another, taking a conveyance therefor, and subsequently sells it to a third person, the right of such seller to recover the purchase-price is in no manner dependent upon whether he in the first instance had paid for the land. The payment or non-payment by him makes a question between him and his vendor, and in no manner concerns the vendee whose title is unaffected thereby. The measure of the recovery when the latter is sued for the purchase-price is dependent upon the agreement made between him and his vendor, and is not referable to the sum paid by such vendor in the first instance for the land.

Argued June 2–3, — Decided July 8, 1897.

Complaint. Before Judge Smith. Dodge superior court. March term, 1896.

*J. E. Wooten* and *Steed & Wimberly,* for plaintiffs.
*D. M. Roberts* and *E. A. Smith,* for defendant.

LITTLE, J. 1. On or about February 1, 1889, Harris & Mitchell purchased or leased from McArthur, as surviving partner of McArthur & Griffin, the timber growing upon certain lots of land, at an agreed price per lot. Subsequently, as is claimed by Harris & Mitchell, plaintiffs in the present action, they in turn sold or leased the same timber to the Amoskeag Lumber Company, for an aggregate sum of money to be

paid in installments at given intervals.   After the negotiations
were had between Harris & Mitchell and the Amoskeag Lum-
ber Company, McArthur brought suit against Harris & Mit-
chell to recover the purchase-price of the timber under his con-
tract of sale or lease to them.   To that action it appears that
Harris & Mitchell, among other things, pleaded failure of con-
sideration; for that, as they averred, at the time of their pur-
chase the title was not vested in McArthur, but was outstand-
ing in other parties.   On the trial of the action between Harris
& Mitchell and the Amoskeag Lumber Company, out of which
the present writ of error grew, and which was founded upon
the alleged contract of sale and purchase between them, the
Amoskeag Lumber Company, among other things, introduced
in evidence the entire record of the former suit between McAr-
thur and Harris & Mitchell, and contended that the plea of
outstanding title, entered by Harris & Mitchell in that action,
estopped them in the present suit from asserting title to the
timber acquired from McArthur to be in themselves.   On the
issue thus raised the presiding judge instructed the jury as fol-
lows: "If you believe from the testimony in this case, if the
evidence shows that this court upon the trial of a case at a
former term of the court, between the plaintiffs and Walter
T. McArthur, in reference to this same land, the defendant
came in and filed a sworn plea in that case, and that if it was
in reference to this timber, and if they were suing McArthur
or McArthur was suing them, and they filed a plea to that suit,
and if they set up that the contract between them and Mc-
Arthur was the consideration of that suit, and that they had
no contract with the Amoskeag Lumber Company in refer-
ence to this property, and that plea was filed after these nego-
tiations and after these alleged letters were written (look to
the date of them now and see what it was), and that there was
a better outstanding title, and that the title was in the same par-
ties that the defendants in this case claim to have cut the timber
under, if you find that the defendants in that case between
them and McArthur filed a sworn plea to that effect, then I
charge you that they are estopped from denying it."   The
Amoskeag Lumber Company was in no sense a party to the

action between McArthur and Harris & Mitchell, nor were they privies to the contract under which that litigation arose. On the contrary, they were strangers to that cause of action. They were wholly disconnected with and unaffected by it, and while, as between Harris & Mitchell and the Amoskeag Lumber Company, the statements contained in the plea referred to, may, if otherwise relevant and material, have been received as admissions upon the part of the party making them, it is a well-settled principle of law that admissions of matters of fact in pleadings operate as estoppels only as between the parties to the cause in which they are made, and their privies. *Wilkinson* v. *Thigpen,* 71 *Ga.* 497; 7 Am. & Eng. Enc. L. 23, and authorities cited. There is one general rule, which is applicable alike to estoppel by record, by deed, and to equitable estoppel or estoppel in pais : that is, that estoppels must be mutual. Strangers can neither take advantage of, nor be bound by an estoppel; its binding effect is between the immediate parties, their privies in blood, in law and by estate. 1 Herman on Estoppel, § 20, and authorities cited. We are clear therefore that the judge erred in charging the jury as above quoted.

2. It appears that to the action brought by Harris & Mitchell against the Amoskeag Lumber Company to recover the purchase-price of the timber as stipulated and agreed upon in the alleged contract between them, the Lumber Company sought by plea to defeat the recovery by showing that at the time the agreement to purchase was made, it already held paramount title to the land or timber in question. The record discloses the fact that in pursuance of the agreement on the part of Harris & Mitchell to sell or lease the timber to the Amoskeag Lumber Company, the latter was permitted peaceably to enter and cut and appropriate the timber to its own use. No fraud on the part of Harris & Mitchell in procuring the agreement is shown to have been practiced upon the Lumber Company, nor any other kindred circumstances which would justify a repudiation by it of the alleged agreement; and we are therefore of the opinion that the Amoskeag Lumber Company can not now be heard to set up a prior para-

mount outstanding title in itself as a defense to the present action. A person will not be permitted to accept a deed with covenants of seizin, and then turn upon his grantor and allege that his covenants are broken by reason of the fact that he himself at the time he accepted the deed was seized of the premises. Bigelow on Estoppel (5th ed.), p. 357, and authorities there referred to. One who enters upon land and removes growing timber therefrom, in pursuance of a contract for its purchase, can not dispute the title of his vendor or refuse to pay the contract price, unless he has been ousted from the possession or been compelled to pay the value of the timber by one having the paramount title. 58 Wis. 414. A vendee of land holding under a contract by the terms of which he is entitled to a warranty deed upon payment of the purchase-money, and which recites delivery of possession by the vendor to the vendee, can not, without surrendering possession, defeat the recovery of the purchase-money by showing that the vendor had no title; nor will he be permitted to show that when he made the contract with the plaintiff, he was already in possession by virtue of a purchase from the true owner. The recital in his contract estops him. 70 Mo. 140, citing 17 Mo. 332; 63 Mo. 475. A party having the right to enter into possession of land, and agreeing to so enter, in a contract of purchase based upon an acknowledgment of title in another, and obtaining possession so far as this party is concerned under such agreement, is estopped from referring his possession to rights acquired under a conveyance by a third party to him. 17 Fla. 558. Whatever title the purchaser may have had against the seller at the time of purchase, and however adverse his possession to any right of the seller to the land, he is estopped from setting it up against his vendor. By taking a deed from his grantor, he conceded to him, as far as respects any liability under the covenant at least, a superior title. 3 Gilman's Reports, bottom page 178.

3. In his charge to the jury the presiding judge instructed them, in effect, that the right of the plaintiffs to recover against the Amoskeag Lumber Company was dependent, among other conditions, upon the question as to whether Har-

ris & Mitchell had paid the party from whom they purchased, that is McArthur, the full value of the timber. As has been heretofore stated, it appears that Harris & Mitchell purchased the timber in controversy from McArthur, took an appropriate conveyance therefor, and subsequently sold the same to the defendants, who entered upon the land, cut and appropriated the timber. It does not appear from the evidence that McArthur had any lien whatever upon the timber, nor that the Amoskeag Lumber Company's title to the timber would be in anywise affected by the non-payment of the purchase-price of the timber, stipulated to be paid by Harris & Mitchell to McArthur; and it is therefore obvious that its payment or non-payment was a matter of no concern to the Amoskeag Lumber Company, and that so far as this point is concerned, the measure of the recovery against the Amoskeag Lumber Company, in a suit for the purchase-price stipulated in the contract between it and Harris & Mitchell, is dependent only upon the agreement made between them, and is not referable to the sum paid by Harris & Mitchell in the first instance for the timber.

Several other questions were raised in the motion for a new trial, but as the case goes back for another hearing, we do not deem it necessary or profitable to consider any other than those hereinabove dealt with.

*Let the judgment of the court below be reversed. All the Justices concurring.*