### 1548.   LINDSAY v. WEST et al.

1. There is a misdemeanor in this State designated by the Penal Code as "trespass," and therefore a warrant alleging that the accused has committed that offense charges him with a crime.
2. The action of a magistrate in binding over the defendant on a criminal warrant is prima facie, but not conclusive, evidence of probable cause, in a subsequent suit brought by the accused against the prosecutor for malicious prosecution.

Action for malicious prosecution, from city court of Floyd county—Judge Hamilton.   October 6, 1908.

Argued January 27,—Decided June 15, 1909.

*Seaborn & Barry Wright,* for plaintiff.

*M. B. Eubanks,* for defendant.

POWELL, J.   This is an action for malicious prosecution.   The plaintiff alleges that the defendant caused him to be arrested upon a warrant charging him with the offense of "trespass;" that the defendant acted maliciously and without probable cause; that the plaintiff was carried before a magistrate and bound over to the city court, but in that court the prosecution terminated by the solicitor-general entering a nolle prosequi upon the accusation which had been drawn upon the commitment and warrant.   The court sustained a general demurrer, and the plaintiff excepts.   Two reasons are assigned by the defendant in error why the court properly sustained the demurrer: (1) because the petition does not show that there was any prosecution, for that the warrant charged no crime, there being no such crime as "trespass;" and (2) because the action of the magistrate in binding the defendant over to the city court is conclusive evidence of probable cause.

1.   There is such an offense in our law as "trespass."   Our Penal Code, §219, provides: "The following shall be deemed and held to be trespass, and indictable, to wit:" and here follows an enumeration of acts.

2.   The rule generally recognized by the American courts is that the binding over of the defendant by a magistrate is prima facie, but not conclusive, evidence of probable cause.   Of course, in those States where the magistrate has the power to settle the issue as to the defendant's guilt, the trial before this officer would have the same effect as a trial before any other competent tribunal.   In this State, however, the magistrate has no power in criminal

matters other than to make a mere preliminary inquiry. The question in all its phases is so fully and ably discussed in the case of Ross *v.* Hixon, 46 Kan. 550 (26 Pac. 955, 12 L. R. A. 760, 26 Am. St. R. 123), and in the note appearing at the foot of the case as reported in 26 Am. St. R. 123, that we deem it unnecessary to discuss the question further. See also Burdick on Torts, 254; Perkins *v.* Spaulding, 182 Mass. 218 (65 N. E. 72). The case last cited goes to the extent of holding that even the finding of a bill by the grand jury is not prima facie evidence of probable cause, but is a circumstance to be considered in determining the question. The court erred in sustaining the general demurrer.

*Judgment reversed.*