## LUKE *et al. v.* HILL.

1. A decree in a suit for annulment of marriage, based on the non-age of one of the parties, in so far as it establishes the status or marital relation, is to be regarded as a judgment quasi in rem, but, beyond the adjudication of the status, the decree is binding only on parties and privies. In a cause of action between the defendant in the annulment suit and strangers, arising before the decree of annulment, and based on the legality of his marriage, he is not estopped from contesting with them the truth of the ground on which the decree was prayed.

2. Birth may be proved by general repute in the family.

3. The rejection of a certain part of a witness's testimony will not require a new trial, where it appears from the brief of evidence that in another part of his testimony the same witness delivered substantially the same testimony.

4. In a suit for malicious prosecution, where the defendants offer testimony that they acted under advice of counsel, it is not error for the court to charge in the language of the Civil Code (1910), § 4958, that clients are not relieved from liability for damages on the ground that they acted under the advice of counsel, but are entitled to redress from them for unskillful advice; the court further charging that advice of counsel may be considered in mitigation of damages.

5. The committal of a defendant by a magistrate is prima facie, but not conclusive, evidence of probable cause.

6. Where it is sought to impeach a witness because of a previous contradictory statement, the primary question for the jury is to ascertain whether the witness attacked made the alleged contradictory statement, and, if he did so, the next question is its effect on his testimony. The excerpt from the charge was not subject to the criticism made upon it.

7. The other charges complained of were not subject to the exceptions made against them. The evidence supported the verdict, and no sufficient reason appears for the grant of a new trial.
       DECEMBER 12, 1911.

Action for damages. Before Judge Frank Park. Turner superior court. January 16, 1911.

*Perry, Foy & Monk* and *Claude Payton,* for plaintiffs in error.

*J. H. Tipton* and *L. D. Passmore,* contra.

EVANS, P. J. The action was by E. Lewis Hill against M. D. Luke, Mrs. Ellen Luke, Warren J. Luke, W. Z. Luke, and Jim Johnson, to recover of them damages for a malicious prosecution and for abduction and alienation of the affections of his wife, Nora Hill, née Luke, the daughter of the defendants M. D. and Mrs. Ellen Luke. According to the evidence of the plaintiff he married Nora Luke on the night of the 6th or 7th of December, 1907. Agreeably to a previous arrangement she met the plaintiff at an ap-

pointed place near the home of her father, got in the buggy with him, and they drove off and were married by a minister. After the marriage they went to the home of a relative of plaintiff, to spend the night. After they had been there two or three hours, and had retired, some of the defendants came, .entered the house, struck matches, and looked over the house. They came to the bed where plaintiff and his wife were, pulled the cover, and, upon remonstrance from the plaintiff and demand to desist, .made threats against him, one of them pretending to be the sheriff. They then began to entreat his wife to return home. The plaintiff remonstrated, telling them (one of whom was the brother of plaintiff's wife) that they were married, that she was his wife, and to let her alone. They replied that they had come to take her dead or alive. The plaintiff was detained by some of the defendants, while others procured a warrant against him for kidnapping; and all of the defendants were acting in concert. The sheriff and one of the defendants then carried the plaintiff to the railroad station, from where he was carried by the sheriff and lodged in jail. His wife was taken in charge by the other defendants; she went away with them, and has never returned to him. He was given a commitment trial and bound over to await the action of the grand jury, who acquitted him by the return of a "no bill." The father and mother of plaintiff's wife had both told plaintiff that his wife was over fourteen years of age at the time of his marriage to her, and it was "common talk in the family" that she was near sixteen years of age. He introduced other evidence also tending to establish his contention that she was beyond the age of fourteen years at the time of the marriage.

The defendants denied liability, and also denied that they were actuated by any other motive than to find the minor daughter of Mr. and Mrs. Luke and restore her to her parents. They asserted, that in the suing out of the warrant they acted under the advice of counsel; that the alleged marriage of Nora Luke to the plaintiff was illegal, because at the time the marriage ceremony was performed she was less than fourteen years of age; and that the marriage had subsequently been annulled by a decree of court. There was a verdict for the plaintiff. The defendants made a motion for new trial, which was overruled by the court, and they excepted.

1. Shortly after the marriage ceremony was performed between

E. L. Hill and Nora Luke, the latter, by prochein ami, brought suit against the former to annul the marriage on the ground that she was under fourteen years of age, and incompetent in law to contract marriage. The suit eventuated in a decree of annulment of the marriage. The entire proceedings were introduced in evidence in this case, and the court ruled that the plaintiff was not concluded in the present action, by the decree of annulment, from showing that Nora Luke at the time of her alleged marriage was over the age of fourteen years. The defendants excepted to this ruling, on the ground that the decree was conclusive on the plaintiff in the present suit that Nora Luke was under the age of fourteen at the time of her alleged marriage to him.

It is a general universal rule that estoppels must be mutual. Strangers can neither take advantage of, nor be bound by, an estoppel. *Harris* v. *Amoskeag Lumber Company,* 101 *Ga.* 643 (29 S. E. 302). A decree in a matrimonial suit fixing the status of the parties, in distinction from the specific findings therein, is to be regarded as a judgment quasi in rem. So far as the adjudication fixes the status of the parties, the judgment concludes both parties and strangers; but, beyond the adjudication of the status, the decree does not conclude strangers. Bigelow on Estoppel, 227. Our statute fixes the age of consent to marry in the female at fourteen years; and while the ceremonial marriage performed between the female who has not reached this age and the man competent to contract marriage may be said to be void, yet the female, after reaching the consentable age, may affirm the marriage, and it is thereafter binding, and no new marriage is required. 1 Bishop on Marriage and Divorce, 577. Such marriages partake more of the nature of voidable than void marriages; they are imperfect marriages which the party may affirm or disaffirm after reaching the age of consent. Hence, upon reason, a decree in a nullity suit because of the non-age of one of the parties should be treated as a decree of dissolution of a voidable marriage, so far as it affects strangers. The adjudication of the status is conclusive upon strangers, but does not bind them upon causes of action springing from the marital relation prior to the decree. A divorce decree will not estop a party thereto from contesting with a stranger the truth of the grounds as affecting his liability in another suit upon a cause of action arising pending the divorce suit but before the

11

decree. In Corrie v. Lackey, 105 Mich. 363 (63 N. W. 416), it was held that the fact that the defendant's wife procured a divorce from him on the ground of extreme cruelty will not conclude him from denying that he was guilty of cruelty, on an issue as to her justification for leaving him, raised in an action against him by a third person for necessaries furnished the wife after she had left her husband and before getting her divorce. To the same effect is Burlen v. Shannon, 3 Gray, 387, and Gill v. Read, 5 R. I. 343 (73 .Am. D. 73). Beyond the legal effect of determining the status of the parties, the law applies as in other judicial proceedings, that a judgment is not conclusive in another suit, except in cases in which the same parties or their privies are litigating in regard to the same subject of controversy. The plaintiff in error is estopped by the decree of annulment from denying his matrimonial status; but in a cause of action against strangers, arising before the decree of annulment, based on the legality of his marriage, he is not estopped by the decree from contesting with them the truth of the grounds upon which the decree was prayed.

2. The court permitted the plaintiff to testify that it was common talk in the family that Nora Luke, at the time of his marriage to her, was nearly sixteen years of age. Pedigree, including birth, may be proved by general repute in the family. Civil Code (1910), § 5764.

3. Exception is taken to the exclusion of the testimony of one of the defendants, to the effect that he acted on the advice of counsel in taking the course which he pursued. The testimony was relevant; but the error was harmless, because it appears from the brief of evidence that the same witness gave substantially the same testimony in another part of his evidence. Bertody v. Ison, 69 Ga. 317.

4. In charging on the subject of the effect of the advice of counsel, the court read Civil Code (1910) section 4958: "Clients shall not be relieved from their liability to damages and penalties imposed by law, on the ground that they acted under the advice of their counsel, but are entitled to redress from them for unskillful advice." The defendants introduced evidence that they acted on the advice of counsel, and the charge was not inappropriate to the case.

5. Complaint is made that the court failed to instruct the jury that a committal by the magistrate was an adjudication of the ex-

istence of probable cause for the prosecution of the plaintiff. The binding over of a defendant by a magistrate is prima facie, but not conclusive, evidence of probable cause. *Lindsay* v. *West,* 6 *Ga.' App.* 284 (64 S. E. 1005). It was not error to fail to charge as contended; because an instruction that the committal of a defendant is an adjudication of probable cause is in effect a charge that it is conclusive on that subject.

6. The following excerpt from the court's charge to the jury on the subject of the impeachment of witnesses by proof of previous contradictory statements is criticised: "It is for you to say whether or not you believe the witnesses sought to be impeached or the witnesses introduced for the purpose of impeachment." It is contended that the charge amounted to an instruction that the jury had a right to arbitrarily disregard the testimony of a witness introduced for the purpose of impeachment. We do not think this criticism of the charge is merited. The impeachment of a witness by proof of contradictory statements involves the ascertainment by the jury if the witness attacked really made the statement, and, if he did make the alleged contradictory statement, its effect on his testimony. The excerpt related to the first of these propositions and was not erroneous. *Price* v. *State,* 137 *Ga.* 71 (72 S. E. 908).

7. The charges on the subject of conspiracy and the measure of damages were neither inaccurate nor inapplicable. The authenticity of the letters were sufficiently identified to authorize their reception in evidence. The evidence warranted the verdict, and no error appears.

*Judgment affirmed. All the Justices concur, except Hill, J., not presiding.*