43517. DAVIS v. BRYANT et al.

EBERHARDT, Judge. In November 1965 a collision occurred at Eton, Georgia, between a dump truck owned by Murray County and a tractor-trailer unit owned by T. W. Bryant. Davis, an employee of Murray County, was operating the county's truck, and George Willkie Bryant, an employee of T. W. Bryant, was operating the latter's truck. The county filed suit against the Bryants seeking to recover for damage to its dump truck, contending that the collision and damage was caused by the negligence of George Willkie Bryant acting within the scope of his employment with T. W. Bryant. The Bryants answered and counter claimed, contending that the collision was caused by the negligence of Davis, an employee and agent of the county, T. W. Bryant seeking to recover from the county for damages to his tractor-trailer unit and George Willkie Bryant seeking to recover damages for personal injuries sustained in the collision. The jury found that neither the county nor the Bryants were entitled to recover, and judgment was entered on the verdict and not appealed from. Davis, the employee of the county, was not a party to the action.

Subsequently Davis filed the present suit against the Bryants, seeking to recover damages for personal injuries sustained in the collision. The Bryants filed pleas of res judicata and estoppel by judgment, contending that while Davis was not a party to the prior suit he was nevertheless in privity with the county in that suit by virtue of the fact that he was an employee and agent of the county. Copies of the pleadings, transcript of evidence, etc., of the prior suit were attached to the pleas as exhibits and were introduced in evidence on the hearing of the pleas before the judge without a jury. The trial judge sustained the pleas, holding that the issues raised in the present case respecting negligence and liability were the same as those passed upon in the prior case; that there was an identity of parties defendant; and that Davis, by virtue of being the employee and agent of the county, was in privity with it in the prior suit to such an extent that the prior determination was binding upon Davis. Davis appeals. *Held:*

1. The motion to dismiss is without merit.
2. Davis was not represented by the county in the prior action; nor does he claim under the county; nor does he have a mutual or successive relationship to the same right of property; nor did he have any interest in the recovery sought in the prior action. Consequently there was no identity of parties or privity as to the judgment in the prior action, and the pleas should have been overruled. Cf. *Walka Mountain Camp No. 565, WOW v. Hartford Acc. &c. Co.*, 222 Ga. 249 (149 SE2d 365) (res judicata); *Smith v. Wood*, 115 Ga. App. 265, 268 (4) (154 SE2d 646) (estoppel by judgment).

*Roadway Exp., Inc. v. McBroom*, 61 Ga. App. 223 (6 SE2d 460) is not authority for the proposition that an agency or master-servant relationship ipso facto constitutes privity for purposes of res judicata or estoppel by judgment. As stated in Headnote 1 of that case, the rule that where the liability of the master to a third person is purely derivative and dependent entirely upon the principle of respondeat superior, a judgment on the merits in favor of the agent or servant is res judicata in favor of the principal or master, though he was not a party to the action, "is an exemplification of the broader rule by which one whose liability is wholly derivative may claim the benefit of a judgment in favor of the person from

whom his liability is derived." We have no such situation here.

*Judgment reversed with direction that judgment be entered overruling the plea of res judicata and the plea of estoppel by judgment. Felton, C. J., and Whitman, J., concur.*

SUBMITTED MARCH 4, 1968—DECIDED MAY 24, 1968.

R. J. Brown, J. W. Yarbrough, for appellant.
Mitchell & Mitchell, D. W. Mitchell, Jr., for appellees.