### 45417. HUNTER v. EMBREE.

BELL, Chief Judge. Edith Hunter and Mary F. Stanley filed separate negligence actions for damages sustained in an automobile accident. Defendant answered and filed indentical counterclaims against each. Mary Stanley's case was tried before a jury. During the trial it was stipulated that plaintiff, Hunter, who was operating the Stanley car at the time of the accident, was the agent in fact of Mary Stanley who was a passenger. The jury was charged that the negligence of the agent was imputable to the principal and that if the parties were equally negligent, neither could recover. The jury found that neither was entitled to recover. After judgment was entered on the verdict, the litigation between Mary Stanley and defendant was concluded. Plaintiff Hunter later dismissed her case but defendant's counterclaim remained. Hunter moved for summary judgment on the ground that the doctrine of res judicata and/or estoppel by judgment applied to the counterclaim due to the prior adjudication in favor of her principal, Mary Stanley. The trial court denied the motion and certified its order for direct review. *Held:*

The defenses of res judicata and estoppel by judgment are available only in a subsequent suit between the same parties or their privies. *Harris v. Jacksonville Paper Co.,* 67 Ga. App. 759, 765 (21 SE2d 537). "Privies are all persons who are represented by the parties and claim under them, all who are in privity with the parties; the term privity denoting mutual or successive relationship to the same rights of property." *Smith v. Gettinger,* 3 Ga. 140, 142. The plaintiff here, as the agent, was not represented by his principal in the prior action; she has no mutual or successive relationship to the same right of property and does not have any interest in the recovery sought in the prior action. Thus there is no identity of parties or privity as to the

earlier judgment. The liability of a principal to a third person is purely derivative and dependent upon the doctrine of respondeat superior and a judgment on the merits in favor of the agent or servant is res judicata in favor of the principal, though he was not a party to the action. *Roadway Express, Inc. v. McBroom,* 61 Ga. App. 223 (6 SE2d 460); *Giles v. Smith,* 80 Ga. App. 540 (56 SE2d 860). In the reverse situation (which we have here) where the principal received the judgment in his favor, the agent cannot claim the benefit of the prior judgment as a bar to an action against him individually, as his liability to a third person is not derivative. *Davis v. Bryant,* 117 Ga. App. 811 (162 SE2d 249).

*Judgment affirmed. Quillian and Whitman, JJ., concur.*
. Submitted June 1, 1970—Decided September 18, 1970—
Rehearing denied October 7, 1970—

*Woodruff, Savell, Lane & Williams, Edward L. Savell, Stolz, Fletcher & Watson, Irwin W. Stolz, Jr.,* for appellant.
*Frank M. Gleason,* for appellee.