### 27217. HOWARD v. PERKINS.

UNDERCOFLER, Justice. This is a land line case. The appellant sought an injunction for trespass. He appeals from

an adverse jury verdict and denial of his motion for new trial. Error is alleged on the trial court's refusal to give and refusal to withdraw certain charges. *Held:*

1. The court did not err in refusing to charge that "acquiescence for seven years, by acts or declarations of adjoining landowners, shall establish a dividing line." *Code* § 85-1602. The appellant purchased his property in October 1969. This action was instituted in November 1970. He contended that a certain fence line was established as the dividing line by agreement between his predecessor in title and the appellee. The evidence shows that the fence was erected by the appellee in 1964. Such evidence fails to show seven years acquiescence and the court properly refused to charge *Code* § 85-1602. There is some evidence of acquiescence in a fence line from the year 1958 until the erection of the fence by the appellee in 1964. However, the fence erected by appellee in 1964 is not on the line of the fence testified to have been in existence theretofore. Consequently it cannot be said that there was acquiescence for seven years in a dividing line by acts or declarations of adjoining landowners. On the contrary it shows that the line was altered, allegedly by agreement, by the erection of a new fence on a different line in 1964.

2. It is contended that the court erred in charging the following portion of *Code* § 38-114: "Presumptions of law are sometimes conclusive, and an averment to the contrary shall not be allowed. These are termed estoppels, and are not generally favored. Among these are . . . recitals in deeds . . . and other admissions upon which other parties have acted, either to their own injury or the benefit of the persons making the admissions."

It is also contended that the court erred in charging, "When a grantee accepts a deed he will be bound by the covenants contained therein, although the deed has not been signed by him." *Code Ann.* § 29-102.

Both charges were error. They are not adjusted to the evidence in this case. Certain deeds and plats were intro-

duced in evidence. These contain descriptions of the boundary in dispute which vary from those claimed by the parties. However, the appellant and the appellee are strangers to each other's title and to each other's deeds. "There is one general rule, which is applicable alike to estoppel by record, by deed, and to equitable estoppel or estoppel in pais: that is, that estoppels must be mutual. Strangers can neither take advantage of, nor be bound by an estoppel; its binding effect is between the immediate parties, their privies in blood, in law and by estate. . . We are clear therefore that the judge erred in charging the jury as above quoted." *Harris v. Amoskeag Lumber Co.*, 101 Ga. 641, 643 (29 SE 302).

*Judgment reversed. All the Justices concur.*

ARGUED MAY 8, 1972—DECIDED JUNE 15, 1972—
REHEARING DENIED JUNE 28, 1972.

*Allen, Edenfield, Brown & Franklin, James B. Franklin,* for appellant.
*Robert S. Lanier,* for appellee.