## 49172. PORTERFIELD v. GILMER.

WEBB, Judge.
We have before us an appeal involving legal

principles generally referred to as "estoppel by judgment," "collateral estoppel," "estoppel by verdict," or "res judicata." See generally *Sumner v. Sumner,* 186 Ga. 390 (197 SE 833); *Smith v. Wood,* 115 Ga. App. 265 (154 SE2d 646). In a prior diversity of citizenship case brought in the United States District Court for the Middle District of Georgia, Otis Porterfield and his wife sought recovery from Philco Distributors, Inc. based solely upon the alleged negligence of Philco's servant, Jeffrey Gilmer, in causing a collision between Philco's automobile being operated by Gilmer and the Porterfield pickup truck being operated by Mr. Porterfield in which his wife was a passenger.[1] In that case Philco accepted responsibility for any negligence of Gilmer under the doctrine of respondeat superior; plaintiffs' proffer of evidence as to Gilmer's admissions of negligence or declarations against interest at the scene was ruled inadmissible as against Philco, the master and sole defendant; the jury was charged the doctrine of comparative negligence vis-a-vis Gilmer and Mr. Porterfield; the jury returned a verdict in favor of Mrs. Porterfield on her claim but, apparently as a result of the comparative negligence charge, in favor of Philco on Mr. Porterfield's claim; and the judgment became final.

Mr. Porterfield then instituted the present action against Gilmer based upon the same acts of negligence involved in the prior case against Gilmer's master, Philco, and was confronted in Gilmer's first defense with a plea of "res judicata and/or estoppel by judgment and/or the law of the case and/or the fact that all of these matters were either previously litigated or could have been litigated previously." Plaintiff Porterfield and defendant Gilmer both moved for summary judgment as to Gilmer's first defense; the trial court granted Gilmer's motion and denied that of Porterfield; and Porterfield complains of both rulings, having obtained a certificate

---

[1] Gilmer was not joined as a party defendant, apparently because of a lack of diversity of citizenship, the Porterfields and Gilmer all being Georgia residents.

of immediate review as to the denial of his motion. Porterfield contends, inter alia, that the trial court's ruling was erroneous since Gilmer's admissions of negligence or declarations against interest at the scene, ruled inadmissible as against Philco on the prior trial, would be admissible against Gilmer in the instant suit, thus affecting and adding to the quantum and quality of proof on the issue of Gilmer's negligence. *Held:*

We reverse both rulings. We held in *Davis v. Bryant,* 117 Ga. App. 811 (162 SE2d 249), that the relationship of master and servant does not ipso facto constitute privity for purposes of res judicata or estoppel by judgment. "[T]he rule that where the liability of the master to a third person is purely derivative and dependent entirely upon the principle of respondeat superior, a judgment on the merits in favor of the agent or servant is res judicata in favor of the principal or master, though he was a party to the action, 'is an exemplification of the broader rule by which one whose liability is wholly derivative may claim the benefit of a judgment in favor of the person from whom his liability is derived.'" *Davis v. Bryant,* 117 Ga. App. 811, 812-813, supra, quoting from *Roadway Express, Inc. v. McBroom,* 61 Ga. App. 223 (6 SE2d 460). The master, sued for the negligence of his servant under the doctrine of respondeat superior, may claim the benefit of a prior judgment in favor of the servant since all evidence bearing on the issue of the servant's negligence would have been admissible in the suit against the servant, thus fully and finally adjudicating that issue. However, there is no rule of law that all evidence admissible against the servant himself is ipso facto admissible against the master, and it is the quantum and quality of evidence which determines the outcome of the substantive issue of the servant's negligence. Hence the ruling in *Hunter v. Embree,* 122 Ga. App. 576 (178 SE2d 221), which is dispositive of this appeal: "The liability of a [master] to a third person is purely derivative and dependent upon the doctrine of respondeat superior and a judgment on the merits in favor of the agent or servant is res judicata in favor of the [master], though he was not a party to the action. *Roadway Express, Inc. v. McBroom,* 61 Ga. App. 223, supra; *Giles v. Smith,* 80 Ga. App. 540

(56 SE2d 860). In the reverse situation (which we have here) where the [master] received the judgment in his favor, the [servant] cannot claim the benefit of the prior judgment as a bar to an action against him individually, as his liability to a third person is not derivative."

It is suggested that we overrule *Hunter v. Embree,* supra, and that the requirement of mutuality of estoppel be abandoned. The general rule is "that the operation of the doctrine of res judicata [or estoppel by judgment] must be mutual, and that one of the essential elements of the doctrine is that both the litigants must be alike concluded by the judgment, or it binds neither. Under this rule, if a judgment cannot be effective as res judicata *against* a person, he may not *avail himself* of the adjudication and contend that it is available to him as res judicata *against others."* 46 AmJur2d 673, Judgments, § 521. (Emphasis supplied.) In the instant case, the prior federal court judgment is not effective as res judicata or as estoppel by judgment against Gilmer, thus leaving him free to claim or counterclaim against Porterfield. *Davis v. Bryant,* 117 Ga. App. 811, supra. Consequently, unless the requirement of mutuality be abandoned, Gilmer may not avail himself of the judgment and contend that it is available to him as a bar against Porterfield.

"It is a general universal rule that estoppels must be mutual. Strangers can neither take advantage of, nor be bound by an estoppel." *Luke v. Hill,* 137 Ga. 159, 161 (73 SE 345). "And that which is not an estoppel, to the party insisting on it as an estoppel, cannot be an estoppel to the other party. Estoppel, to be good, must be 'reciprocal.'" *Gaither v. Gaither,* 23 Ga. 521, 528 (3). "Estoppels by judgment, like estoppels *in pais,* must be mutual." *Dodd v. Mayfield,* 99 Ga. 319, 320 (25 SE 698). "Estoppels are not favored at law and in no case can the doctrine be invoked save where the estoppel is mutual. *Harris v. Amoskeag Lumber Co.,* 101 Ga. 641, 643 (29 SE 302); *Dodd v. Mayfield,* 99 Ga. 319, 320 (25 SE 698); *Luke v. Hill,* 137 Ga. 159 (1) (73 SE 345, 38 LRA(NS) 559); *Whitman v. Bolling,* 47 Ga. 125, 133." *Tarver v. Jones,* 34 Ga. App. 716, 717 (2) (131 SE 102). "'There is one general rule, which is applicable alike to estoppel by record, by deed, and to equitable estoppel or estoppel in

pais: that is, that estoppels must be mutual. Strangers can neither take advantage of, nor be bound by an estoppel; its binding effect is between the immediate parties, their privies in blood, in law and by estate.' " *Howard v. Perkins,* 229 Ga. 279, 281 (191 SE2d 46).

In view of the Supreme Court's adherence to the mutuality rule, we are not free to abandon it in this court. Since Gilmer is not bound by the prior judgment, the mutuality rule precludes him from taking advantage of it.

*Order granting summary judgment to Gilmer is reversed; order denying summary judgment to Porterfield as to Gilmer's first defense is reversed with direction to strike the defense. Bell, C. J., Pannell, P. J., Deen and Quillian, JJ., concur. Eberhardt, P. J., Clark and Stolz, JJ., dissent.*

ARGUED APRIL 2, 1974 — DECIDED APRIL 17, 1974 — REHEARING DENIED JULY 19, 1974 —

*William O. Carter,* for appellant.
*Long, Weinberg, Ansley & Wheeler, Sidney F. Wheeler,* for appellee.

STOLZ, Judge, dissenting.
I would affirm the trial court.

1. (a) As noted in the majority opinion, the plaintiff filed suit against the defendant's employer (Philco) in the United States District Court. The basis for the suit was the alleged negligence of Philco's employee, Gilmer, the present defendant. Philco's alleged liability was purely derivative. The plaintiff chose to bring that suit in the federal courts for reasons best known to him. Gilmer, being a resident of Richmond County, could not be joined in the plaintiff's federal court suit because there would not be a complete diversity of citizenship, the plaintiff also being a Georgia resident. However, the plaintiff could have sued Gilmer or both Philco and Gilmer in the Richmond Superior Court if he so desired. Be that as it may, the plaintiff selected the forum of his choice and chose the defendant he wished to sue. *The issues* were

fully tried and resulted in a defendant's verdict. The plaintiff has had his day in court and should not now be permitted to re-try *the same issues* in the courts of this state.

In reversing the judgment of the trial court, the majority relies on *Hunter v. Embree,* 122 Ga. App. 576 (178 SE2d 221). The holding in that case should be overruled. In determining the validity of a plea of res judicata or estoppel by judgment three questions are pertinent: (1) Was the *issue* decided in the prior adjudication identical with the one presented in the suit in question? (2) Was there a final judgment on the merits? (3) Was the party *against whom* the plea is asserted, a party or in privity with a party to the prior adjudication? The foregoing criteria were initially developed by Justice Traynor in Bernhard v. Bank of America Nat. Trust &c. Assn., 19 Cal. 2d 807, 811 (122 P2d 892) (1942). In developing the criteria, Justice Traynor, who later became one of the nation's great Supreme Court Chief Justices, observed: "The criteria for determining who may assert a plea of res judicata differ fundamentally from the criteria for determining against whom a plea of res judicata may be asserted. The requirements of due process of law forbid the assertion of a plea of res judicata against a party unless he was bound by the earlier litigation in which the matter was decided. [Cits.] He is bound by that litigation only if he has been a party thereto or in privity with a party thereto. (Ibid.) There is no compelling reason, however, for requiring that the party asserting the plea of res judicata must have been a party, or in privity with a party, to the earlier litigation. No satisfactory rationalization has been advanced for the requirement of mutuality. Just why a party who was not bound by a previous action should be precluded from asserting it as res judicata against a party who was bound by it is difficult to comprehend. [Cit.] Many courts have abandoned the requirement of mutuality and confined the requirement of privity to the party against whom the plea of res judicata is asserted. [Cits.] The commentators are almost unanimously in accord. [Cits.] The courts of most jurisdictions have in effect accomplished the same result by recognizing a broad exception to the re-

quirements of mutuality and privity, namely, that they are not necessary where the liability of the defendant asserting the plea of res judicata is dependent upon or derived from the liability of one who was exonerated in an earlier suit brought by the same plaintiff upon the same facts. [Cits.] Typical examples of such derivative liability are master and servant, principal and agent, and indemnitor and indemnitee. Thus, if a plaintiff sues a servant for injuries caused by the servant's alleged negligence within the scope of his employment, a judgment against the plaintiff on the grounds that the servant was not negligent can be pleaded by the master as res judicata if he is subsequently sued by the same plaintiff for the same injuries. Conversely, if the plaintiff first sues the master, a judgment against the plaintiff on the grounds that the servant was not negligent can be pleaded by the servant as res judicata if he is subsequently sued by the plaintiff. In each of these situations the party asserting the plea of res judicata was not a party to the previous action nor in privity with such a party under the accepted definition of a privy set forth above. Likewise, the estoppel is not mutual since the party asserting the plea, not having been a party or in privity with a party to the former action, would not have been bound by it had it been decided the other way. The cases justify this exception on the ground that it would be unjust to permit one who has had his day in court to reopen identical issues by merely switching adversaries."

Graves v. Associated Transport, Inc., 344 F2d 894 (1965) and Lober v. Moore, 417 F2d 714 (1969) are two cases very similar to the case at bar, to which the foregoing criteria were applied. In Graves, "a collision occurred near Fincastle, Virginia, between a passenger automobile owned and operated by the plaintiff, Walter B. Graves, and a tractor-trailer transport owned by the defendant, Associated Transport, Inc. [hereinafter, Associated], and operated by its employee, Thomas S. Flowers. In the present action Graves seeks damages from Associated for personal injuries suffered in the collision, which he alleges was caused by negligence on the part of the defendant's driver, Flowers. On July 14, 1964, the jury returned a verdict for Graves in the

amount of $4,000 after the district judge in several distinct rulings had refused Associated's plea of res judicata. [P. 895] . . . The former judgment in question was rendered by the Law and Chancery Court of the City of Roanoke, Virginia, on July 10, 1964, in an action brought by Flowers, the driver of the tractor-trailer combination owned by Associated, the present defendant, against Graves, the owner-operator of the passenger car and the plaintiff in the case at bar. Flowers alleged in the state court action that personal injuries suffered by him in the collision were the proximate result of the negligence of Graves; Graves denied any negligence and contended that the sole proximate cause of the collision was the negligence of Flowers. The issues of negligence and contributory negligence as causal factors in the collision were thus clearly joined and litigated. The jury in the case of Flowers v. Graves returned a verdict in favor of Flowers, awarding him damages in the amount of $2,000 [P. 896] . . . The mutuality rule was probably never a solid wall; exceptions were created under the pressure of the public interest in an end to litigation. The thought was that under certain circumstances once the party against whom the former judgment was asserted had been afforded a full and fair day in court and a reasonable opportunity to be heard on all the relevant issues, even though against a different adversary, a plea of estoppel by judgment ought to be recognized. [P. 897] . . . 'In the present case, therefore, the defendant is not precluded by lack of privity or of mutuality of estoppel from asserting the plea of res judicata against the plaintiff.' 122 P2d at 894-895. [P. 897]"

In Lober, "appellant sustained personal injuries within the District of Columbia while riding as a paying passenger in a taxicab owned by Arlington Yellow Cab Company, Inc. (Arlington) and operated by Willis Moore, the appellee. Appellant thereafter sued both Arlington and appellee in the Circuit Court of Arlington County, Virginia, for damages on account of those injuries. Appellee, however, was not served with process in that suit, and his only appearance therein was as a witness at the trial. The jury, to which the case was tried, returned a verdict in Arlington's favor, and the court

entered judgment in conformity with the verdict. Several months later, appellant instituted an action in the District Court for the District of Columbia against appellee, as the sole defendant, seeking damages for the same injuries. Among the defenses appellee asserted by his answer was the claim that in consequence of the Virginia judgment the matter was res judicata. Appellee later moved for summary judgment on that ground and the District Court granted the motion, and from that disposition appellant took this appeal [417 F2d 714, 715] . . . As our past decisions fully recognize, a judgment does not impose an obligation upon a stranger; for reasons of fundamental fairness and perhaps of due process as well, it binds only those who are parties or who are in privity with parties to it. But the considerations are very different where, as here, the judgment is invoked defensively against a party or his privy who is reasserting essentially the same cause of action against a different person. Manifestly '[t]his second effort to prove negligence is comprehended by the generally accepted precept that a party who has had one fair and full opportunity to prove a claim and has failed in that effort, should not be permitted to go to trial on the merits of that claim a second time.' And to countenance impingement upon that precept 'would be to allow repeated litigation of identical questions, expressly adjudicated, and to allow a litigant having lost on a question of fact to re-open and re-try all the old issues each time he can obtain a new adversary not in privity with his former one.' So it is not at all surprising to find a growing number of well considered cases holding that irrespective of privity among defendants and despite nonmutuality in the operation of the judgment's estoppel, a prior adjudication may be used to resist resurrection of the old cause of action against a new defendant. Especially in these times when all courts, including our own, are struggling with crowded and growing dockets, we are sensitive to the persuasive force of these precedents and the cogent reasons underlying them [p. 716] . . . We need not, however, enter the debate on the relative merits of mutuality and nonmutuality, or explore the question whether either deserves exclusivity in this jurisdiction.

For mutuality is not ironbound in the law of res judicata but, like so many other broad legal concepts, is subject to well defined exceptions. One such exception obtains where a defendant's responsibility is derivative or secondary and it has been judicially determined that the situation is lacking in one or more of the conditions giving rise to it. Consequently, it is settled that a judgment exonerating a servant or agent from liability bars a subsequent suit on the same cause of action against the master or principal based solely on respondeat superior. And conversely, it is the prevailing rule in the federal and the state courts that a judgment excusing the master or principal from liability on the ground that the servant or agent was not at fault forecloses a subsequent suit against the latter on the same claim. The case at bar falls clearly within this exception. In the Virginia action, against appellee's employer, the circumstances generating a potential vicarious responsibility were judicially determined, and the verdict and judgment adverse to appellant negated at least one essential element of actionable negligence on appellee's part. In the District action, appellant pressed an identical claim of negligence, this time against appellee himself. We hold that the negligence issue on which appellant was proclaimed the loser by the adjudication there could not be subjected to relitigation here [p. 717]. . . As we understand the law of the Commonwealth of Virginia, it is designed to insure that every litigant has an opportunity to be heard on any appropriate issue in a court of law. However, the decisions of the highest court of Virginia convince us that the state also is anxious to insure that once a party has been afforded a chance to assert his claim, further litigation involving that claim is not to be permitted. The state has a legitimate interest in the final adjudication of legal disputes, and it is incumbent upon us in this case to give effect to that state policy. [P. 720]"

Georgia has long recognized that "[w]here the liability, if any, of the master to a third person is purely derivative and dependent entirely upon the principle of respondeat superior a judgment on the merits in favor of the agent or servant is res judicata in favor of the

principal or master though he was not a party to the action." *Roadway Express, Inc. v. McBroom,* 61 Ga. App. 223 (1) (6 SE2d 460). At the time of its rendition, *Roadway Express, Inc. v. McBroom,* supra, was confronting a problem of first impression in our state. In arriving at the conclusion above quoted, this court, on p. 227, quoted from 1 Freeman on Judgments (5th Ed.), 1031, § 469, as follows: "The rule is general and well settled that where the liability, if any, of a principal or master to a third person is purely derivative and dependent entirely on the principle of respondeat superior, a judgment on the merits in favor of the agent or servant, or even a judgment against him, in so far as it fixes the maximum limit of liability, is res judicata in favor of the principal or master though he was not a party to the action. This rule is only an exemplification of the broader rule by which one whose liability is wholly derivative may claim the benefit of a judgment in favor of the person from whom his liability is derived, if not based on grounds applicable only to the latter." Our court went on then to reason, "We think the provision of the Code that a judgment is conclusive as to the parties and their privies, together with the rule applicable where a master is liable solely under the principle of respondeat superior, give to such master the right to plead, as res judicata, a judgment rendered in favor of such servant or employee, when the identical negligence in the transaction is the subject-matter of the suit on which the judgment in favor of the servant is predicated." In such cases, the unilateral character of the estoppel is justified by the injustice which would result in allowing a recovery against a defendant for the conduct of another, when the other has been exonerated in a direct action. In such situations, the requirement of mutuality yields to public policy. "To hold otherwise would be to allow repeated litigation of identical questions, expressly adjudicated, and to allow a litigant having lost on a question of fact to reopen and re-try all the old issues each time he can obtain a new adversary not in privity with his former one." Cohen v. Superior Oil Corp., 16 FSupp. 221, 225; affirmed, CCA., 90 F2d 810, cert. denied, 302 U. S. 726 (58 SC 47, 82 LE 561).

The word "res" comes from the Latin and signifies a thing, an object. 77 CJS 273, Res. The phrase "res judicata" literally means the matter (thing) has been decided. 77 CJS 274, Res. In the case before us, the issue raised by the plaintiff's complaint is the same as that raised by the plaintiff in his suit against the defendant's employer in the United States District Court, namely, whether Philco's driver was negligent in the operation of its truck. The jury tried that issue and resolved it against the plaintiff, and judgment was rendered thereon. There is no conscionable reason why the plaintiff should be permitted to relitigate this case.

(b) The decision of this court in *Davis v. Bryant,* 117 Ga. App. 811 (162 SE2d 249), is in complete harmony with the view expressed in this dissent, and I do not believe it is authority for the holding in *Hunter v. Embree,* supra, as a review of the facts in the case will reveal. In *Davis v. Bryant,* supra, "a collision occurred at Eton, Georgia, between a dump truck owned by Murray County and a tractor-trailer unit owned by T. W. Bryant. Davis, an employee of Murray County, was operating the county's truck, and George Willkie Bryant, an employee of T. W. Bryant, was operating the latter's truck. The county filed suit against the Bryants seeking to recover for damage to its dump truck, contending that the collision and damage was caused by the negligence of George Willkie Bryant acting within the scope of his employment with T. W. Bryant. The Bryants answered and counter-claimed, contending that the collision was caused by the negligence of Davis, an employee and agent of the county, T. W. Bryant seeking to recover from the county for damages to his tractor-trailer unit and George Willkie Bryant seeking to recover damages for personal injuries sustained in the collision. The jury found that neither the county nor the Bryants were entitled to recover, and judgment was entered on the verdict and not appealed from. Davis, the employee of the county, was not a party to the action." As previously noted in the criteria developed by Justice Traynor (Bernhard v. Bank of America Nat. Trust & Sav. Assn., supra) in determining the validity of the plea, three criteria must be met: (1) Was the issue decided in the prior adjudication, identical

with the one presented in the suit in question? (2) Was there a final judgment on the merits? (3) Was the party *against whom* the plea is asserted, a party or in privity with a party to the prior adjudication? Obviously, the situation in *Davis v. Bryant* failed to meet the third criterion, for Davis was neither a party to the first suit nor in privity thereto. See also Albers v. Gant, No. 11445, U. S. District Court, N. D. of Ga., Atlanta Div., decided May 5, 1970. (Unpublished opinion by Judge Sidney O. Smith).

(c) I would feel remiss if I did not advance yet another reason upholding the position taken in this dissent. The legal theory I have attempted to advance was first expressed in our state in *Roadway Express, Inc. v. McBroom,* 61 Ga. App. 223, supra (1939). The authorities cited from other jurisdictions are bottomed on the same foundation. The position taken in *Hunter v. Embree,* 122 Ga. App. 576, supra (1970), is antagonistic and repugnant to that legal principle. Being the junior case, *Hunter v. Embree* should yield to *Roadway Express, Inc. v. McBroom,* supra, under the doctrine of stare decisis. See *Calhoun v. Cawley,* 104 Ga. 335, 344 (30 SE 773).

2. In his brief, the plaintiff complains of the exclusion of evidence of alleged admissions by Gilmer at the scene of the collision. These were excluded by the trial judge on the basis that they were irrelevant and could not bind the employer, Philco. In my judgment, the U. S. District judge erred in this ruling. The admissions would be admissible as part of the res gestae, but would not have bound Philco. However much this court may wish to do it, it cannot serve as a quasi-collateral means of correcting errors committed in the trial of cases in the United States District Courts. The plaintiff's remedy for the erroneous ruling in the U. S. District Court was an appeal to the United States Court of Appeals for the Fifth Circuit. This the plaintiff proceeded to do, but later elected to dismiss his appeal. He is now too late and in the wrong forum to urge the correction of this error.

For the foregoing reasons, I would affirm the judgment of the trial court and respectfully dissent.

I am authorized to state that Presiding Judge Eberhardt and Judge Clark join in this dissent.