# CASES DETERMINED

AT THE

## January Term, 1921.

BELGIUM STATE BANK, Respondent, vs. MARYLAND CAS-
UALTY COMPANY, Appellant.

*March 15—April 11, 1922.*

*Insurance: Fidelity bonds: Recoveries from defaulter: Share in
recovery by insurer: Recovery prior to indemnification.*

An indemnity company issued a bond to reimburse an employer
for loss by embezzlement by an employee not exceeding
$20,000, conditioned "that the employer and company share
any recovery made by either on account of any loss, in the
proportion that the amount of the loss borne by each bears
to the total amount of the loss." An employee embezzled
$110,175.50, but returned to the employer $43,448.75. The
bond is *construed* to mean that until the indemnity company
has made payment it has borne no loss, and the total amount
of the embezzlement, less recoveries from the employee made
prior to the time the employer made demand on the com-
pany and payment was made pursuant thereto, constituted the
loss which the company should pay.

APPEAL from a judgment of the circuit court for Ozau-
kee county: MARTIN L. LUECK, Circuit Judge. *Affirmed.*

The plaintiff is a banking institution and the defendant
corporation issued to it an indemnity bond, the material
parts of which are as follows:

"Now, therefore, in consideration of a certain premium to
be paid annually in advance during the term of this bond,
and of the employer's written statements relative to the
employee, his duties and accounts, it is hereby agreed that
the *Maryland Casualty Company,* a corporation of Mary-
land, hereinafter called the company, will, within two (2)
months after the receipt of satisfactory proofs of loss, re-

imburse the employer for any loss, not exceeding twenty thousand and no /100 dollars ($20,000) of money, securities, or other personal property (including that for which the employer may be responsible to others) which the employer shall have sustained by reason of any act or acts of fraud, dishonesty, forgery, embezzlement, wrongful abstraction, or wilful misapplication on the part of the employee, while in the performance of his duties as cashier in the service of said employer and occurring during the continuance of this bond."

There were eight conditions, only the fourth of which is material here, and that reads as follows:

"4. That the employer and the company shall share any recovery (excluding insurance and re-insurance) made by either on account of any loss, in the proportion that the amount of the loss borne by each bears to the total amount of the loss."

The bonded employee embezzled $110,175.50. Thereafter he caused to be returned to the plaintiff bank and deeded to it property of the value of $43,448.75. The defendant having refused to pay the amount of $20,000, suit was brought upon the bond. The defendant answered and admitted and offered to permit judgment against it for the sum of $12,112.82, claiming that the total amount of loss was $110,175.50, that the recovery, according to the proof, amounted to $43,448.75, and that under the *pro rata* clause, known as clause 4, the penalty of the bond being $20,000, the plaintiff bank was entitled to receive only the $20,000 less the *pro rata* share of the recovery; that is, that there should be deducted 20,000–110,175.50 of the recoveries from the amount of $20,000, which leaves $12,112.82.

The trial court was of the opinion that clause 4 did not apply to the situation shown by the evidence in this case, and judgment was rendered in favor of the plaintiff and against the defendant for the sum of $20,000, with interest and costs, from which judgment the defendant appeals.

Belgium State Bank v. Maryland C. Co. 177 Wis. 1.

For the appellant there was a brief by. *Robert R. Freeman* and *James E. Coleman,* both of Milwaukee, and oral argument by *Mr. Freeman.*

*William F. Schanen* of Port Washington and *James D. Shaw* of Milwaukee, for the respondent.

ROSENBERRY, J.   The questions raised by the assignments of error in this case relate entirely to the interpretation and application of clause 4 to the facts in this case, the facts being practically undisputed.   The agreement of the defendant company is to "reimburse the employer for any loss, not exceeding twenty thousand dollars, . . . which the employer shall have sustained by reason of any act or acts of fraud, dishonesty, forgery, embezzlement, wrongful abstraction, or wilful misapplication. . . ."   The language of the fourth condition is that the employer and the company shall share any recovery in proportion that the *amount of the loss borne* by each bears to the total amount of the loss. Under the terms of this bond the only loss which the defendant company bears is that which it sustains by reason of the payment contracted to be made.   Until such payment has been made the defendant company has borne no loss.   The plaintiff bank sustained its loss when the embezzlement took place.   The amount which it may claim from the defendant company is the amount of the embezzlement less the amounts returned by or recovered from the defaulter.   If, after the payment by the defendant company of a loss, a recovery is thereafter made, then in accordance with the terms of the fourth condition the recovery would be shared in the proportion that the amount of the loss borne by each of the parties bears to the total amount of the loss.   We are of the opinion that "the total amount of loss" is the loss which the defendant company may be called upon to pay, not exceeding the amount of its bond.   That therefore it is the total amount of the embezzlement less any recoveries

from or returns by the defaulter made prior to the time that the employer makes demand upon the indemnitor and payment has been made pursuant thereto that constitutes the loss. This seems to us to be the plain meaning of the contract. So construed, every word in the contract is given its proper significance.

*By the Court.*—Judgment affirmed.