## CITIZENS BANK OF WAVERLY HALL, GEORGIA, *et al. v.* FIDELITY & DEPOSIT COMPANY OF MARYLAND.

A corporation executed a contract agreeing to indemnify a bank against loss, not exceeding $5,000, through the fraud, dishonesty, forgery, theft, embezzlement, or wrongful abstraction of one of its employees, "subject to" named conditions. It is provided in the conditions that in the event of a claim under the contract the employer shall aid in securing information and evidence for the purpose of bringing to justice, prosecuting, and convicting criminally the employee, "and for the purpose of enabling the surety to procure reimbursement from the employee or his estate of any loss, damage, or expense sustained by the surety hereunder;" also that "The employer and the surety shall share any recovery (excluding insurance and reinsurance) made by either on account of any loss, in the proportion that the amount of the loss borne by each bears to the total amount of loss." *Held*:

1. The contract is to be construed most strongly against the indemnitor; and giving it such construction, the term "any recovery" refers to reimbursement from the employee or his estate, and does not include a donation which the father or friends of the employee might make to the insured to be applied on payment of the debts of the employee to the insured through the hope of ameliorating the position of the employee in a criminal prosecution against him.

2. In a suit by the indemnitor company against the insured, instituted after payment of the indemnity, to recover a proportionate share of a fund paid to the bank by the father and friends of the employee under circumstances indicated in the preceding note, it was erroneous to overrule a demurrer to the petition, setting up that no sum is alleged to have been recovered from the employee or his estate.

3. The error in overruling the demurrer to the petition rendered all further proceedings in the trial nugatory.

No. 3670. OCTOBER 9, 1923.

Equitable petition. Before Judge Munro. Harris superior court. February 10, 1923.

*McLaughlin & Foley, Terrell & Terrell,* and *J. R. Lunsford,* for plaintiffs in error.

*Hatcher & Hatcher* and *Arthur Hardy,* contra.

ATKINSON, J. The ruling announced in the first note results from a construction of the pertinent clauses of the entire contract. The excerpts quoted are from paragraphs seven and eight of the contract, and follow immediately in the order indicated. The thing which the contract provided should be apportioned between the insured and the indemnitor was "any recovery." The only right of recovery that either would have would be against the employee or his estate. Neither would have a right to "reimburse-

ment" as against a stranger. In the circumstances a voluntary payment to the insured by a stranger who owed no duty to the indemnitor or the insured would be outside of the contract for apportionment. In the cases of Belgium State Bank *v.* Maryland Casualty Company, 177 Wis. 1 (187 N. W. 667), and Alabama Fidelity & Casualty Co. *v.* Alabama Penny Savings Bank, 200 Ala. 337 (76 So. 103), the money received by the insured was from the estate of the employee.

The rulings announced in the second and third notes do not require elaboration. *Judgment reversed. All the Justices concur.*