### CITY TRUST & SAVINGS BANK OF KANKAKEE, ILL., v. UNDERWRITING MEMBERS OF LLOYDS AT LONDON, ENGLAND.

#### No. 7022.

Circuit Court of Appeals, Seventh Circuit.
Jan. 8, 1940.

Louis L. Dent, George M. Weichelt, John P. Hampton, and Roger D. Doten, all of Chicago, Ill., for appellant.

John S. Lord, L. Duncan Lloyd, and Leonard F. Martin, all of Chicago, Ill., for appellee.

Before SPARKS, MAJOR, and KERNER, Circuit Judges.

SPARKS, Circuit Judge.

Appellant sued appellee upon a fidelity bond, or insurance policy, to recover for the loss sustained by appellant, caused by the theft of its clerk. The case was tried without a jury. The court made a finding of facts and entered its conclusions of law adversely to appellant, and rendered judgment for appellee for costs. From this judgment the appeal is prosecuted.

The facts which are not controverted are substantially as follows: On March 23, 1936, appellee issued its policy to appellant in the sum of $25,000, covering the period February 28, 1936, to February 28, 1937, by the terms of which it insured appellant against loss by reason of theft committed by any of its servants.[1] No policy of like nature was previously issued by appellee to appellant. The clause of the policy which refers to the recovery of any of the stolen property, or its value, is as follows:

---

[1] "We * * * hereby undertake and agree to pay and make good to the said Assured all such losses as they the said Assured * * * sustain or discover that they have sustained * * * by reason of the * * * embezzlement * * * of any officer, clerk or servant of the Assured * * *."

"In case of recovery the Assured shall be entitled thereto until fully reimbursed, the excess (if any) to be paid to the underwriters, except that the underwriters shall be reimbursed from such recovery for actual expenses (if any) incurred by them in obtaining recovery."

During the period covered by the policy, one St. John, who was appellant's bookkeeper and teller, stole from appellant a total of $15,014.57. Prior to February 27, 1936, he had stolen other monies from appellant in the sum of $37,667.70 which was partly covered by a similar policy for $25,000, issued by another company, which policy expired March 15, 1936. Appellant received the full amount of this policy, but it lacked $12,667.70 of paying the loss sustained by appellant for that former period. It is conceded that any loss sustained by appellant by reason of such prior thefts was not covered by appellee's policy now in suit.

Of the $15,014.57 stolen during the period covered by the policy in suit, $3,600 was stolen by St. John in December, 1936, and placed by him in his safety deposit box. On January 28, 1937, appellant discovered his thefts, and at that time learned of the existence of the $3,600 in his safety deposit box and demanded that he return it. The box was thereupon opened by St. John in the presence of appellant's officers and the $3,600 was turned over by him to appellant which kept it and applied it in reduction of the loss which it had sustained by reason of St. John's thefts prior to the period covered by the policy in suit. The application was made without appellee's consent, and thereafter appellant demanded of appellee the total amount stolen by St. John during the period covered by the policy in suit. Appellee thereupon paid to appellant $11,414.57 of the $15,014.57, and refused to pay the $3,600.

■ It is contended by appellant that appellee's liability is the amount of the theft at the time it was committed during the period covered by the policy in suit, and that that amount can not be reduced by the amount recovered by it from St.

John before a demand was made, and before this action was instituted. This contention is not tenable. In such cases recoveries from a defaulting employee prior to a demand and suit, are to be deducted in determining the amount of the assured's recoverable loss.[2]

■ These cases are clearly distinguishable from those relied upon by appellant,[3] which either hold, or support the recognized general rule, that when the assured was deprived of its property by its criminal employee, it had suffered a loss and could then institute its action for recovery against the insurer without first exhausting other remedies. The judgment of the District Court in no way violated this rule. Appellant was not required or requested, at any time to pursue another remedy. It voluntarily, before demand or suit, received from St. John the $3,600 which had been stolen by him from appellant during the time covered by this policy, and the District Court rightly ruled that appellee's liability was decreased by that amount. Whether the policy is to be considered an insurance against loss or liability from theft is not material under these facts, for when the $3,600 was returned to appellant by St. John, both the loss and liability on account of the theft, to this extent, were cancelled.

Appellant in argument and brief contends that there was no evidence that the $3,600 which was returned comprised the identical bills that were stolen. In view of the stipulation of the parties, and the findings of the District Court, which bear appellant's approval, we are convinced there is no merit in this contention. Moreover, paragraphs 5 and 6 of the stipulation constitute substantial evidence in support of the court's findings in this respect. Furthermore, in paragraph 9 of the stipulation, appellant admits that no portion of the $37,677.70 stolen by St. John from July 1, 1930, to February 27, 1936, was ever recovered.

■ Appellant further contends that under the recovery clause, hereinbefore set forth, it is entitled to retain the $3,600 un-

[2] Illinois Mutual Fire Insurance Co. v. Andes Insurance Co., 67 Ill. 362, 16 Am. Rep. 620; Belgium State Bank v. Maryland Casualty Co., 177 Wis. 1, 187 N.W. 667; Oppenheimer v. Baker & Williams, 225 App.Div. 58, 232 N.Y.S. 5. See also Massachusetts Bonding & Insurance Co. v. United States, 7 Cir., 54 F.2d 1039.

[3] Fitchburg Savings Bank v. Massachusetts Bonding & Insurance Co., 274 Mass. 135, 174 N.E. 324, 73 A.L.R. 274; First National Bank v. United States Fidelity & Guaranty Co., 150 Wis. 601, 137 N.W. 742; Smith v. Federal Surety Co., 60 S.D. 100, 243 N.W. 664.

til it is fully reimbursed; that is to say, until it is fully reimbursed for the losses and liability sustained by it during the times prior to the period covered by appellee's policy. It is obvious that this clause refers to reimbursement for losses sustained during the period of the policy in suit, and none other. This conclusion is fully supported by paragraph 9 of the stipulation wherein it is admitted that appellee was not, and is not liable under the policy in suit, *"or otherwise,"* (italics supplied) for any portion of the loss sustained by appellant on account of any monies stolen by St. John during the period of July 1, 1930, to February 27, 1936. There is no merit in this contention.

Judgment affirmed.

