34262. USRY *et al. v.* HADDEN *et al.*

WORRILL, J. 1. Findings of fact by a director of the State Board of Workmen's Compensation, which are affirmed on appeal to the full board, are, when supported by any evidence, conclusive upon the courts. *Reeves* v. *Royal Indemnity Co.,* 73 *Ga. App.* 2 (1) (35 S. E. 2d, 473). Consequently, the finding of the single director that T. C. Hadden was the employer of the claimant's son, and that T. J. Hadden was not his employer, which finding was supported by direct testimony of both T. C. and T. J. Hadden and of three or four other witnesses, though

controverted by the claimants in their testimony, and which finding of fact was affirmed by the full board, was conclusive upon the superior court on appeal, and the judge thereof did not err in affirming the award of the director and of the full board.

2. The testimony of T. J. Hadden—wherein he admitted that, on the occasion of a conference had between himself and the attorney for the claimants after a written demand or claim had been made on him as the employer of the claimants' son by the claimants' attorney, he did not deny that he was the employer, and that he never told the claimants or their attorney that T. C. Hadden and not he (T. J. Hadden) was the employer, and that he never claimed that he was not the employer until the day of the hearing before the single director—while it *may have authorized* a finding that he was the employer, did not demand such a finding, such question being exclusively one for the director.

3. An estoppel arises where one makes representations to another concerning a matter about which the other acts to his injury or to the benefit of the person making the representations. Code, § 38-114. No injury to the claimants resulted and no benefit to T. J. Hadden accrued from T. J. Hadden's failure to reveal or claim that he was not the employer of the claimants' son, upon the occasion of a conference held by him and the claimants' attorney prior to the hearing before the director. The claimants were not thereby prevented from getting an award against T. C. Hadden, nor was T. J. Hadden assured of their not getting an award against him by his mere failure to reveal to the claimants prior to the hearing the true relationship between himself, T. C. Hadden and the claimants' deceased son. T. J. Hadden was not, therefore, estopped to assert that he was not the employer.

4. The award of compensation to the claimants as against T. C. Hadden and the denial of compensation as against T. J. Hadden were supported by the weight of the evidence, and the superior court did not err in affirming the findings and award of the board.

*Judgment affirmed. Sutton, C. J., and Felton, J., concur.*

DECIDED FEBRUARY 28, 1953.

*Lewis & Rozier, Randall Evans Jr.*, for plaintiffs in error.
*M. C. Barwick, Harris, Chance & McCracken*, contra.