## 43447. GULF AMERICAN FIRE & CASUALTY COMPANY v. HARPER, Administrator.

HALL, Judge. The plaintiff insurer appeals from a judgment sustaining the defendant's motion for judgment on the pleadings. (By stipulation of the parties the defendant's general demurrer was treated by the court as a motion for judgment on the pleadings.)

1. "After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." *Code Ann.* § 81A-112 (c). "For the purposes of the motion, all well-pleaded material allegations of the opposing party's pleadings are to be taken as true, and all allegations of the moving party which have been denied are taken as false. Conclusions of law are not admitted. Judgment on the pleadings may be granted only if, on the facts as so admitted, the moving party is clearly entitled to judgment." 2A Moore's Federal Practice 2269, § 12.15. Thus the ques-

tion here is whether the undisputed facts appearing from the pleadings show the defendant is entitled to judgment as a matter of law.

2. The pleadings show the following facts: The defendant was the administrator of a liability insurance policyholder who died as a result of an automobile collision. The policy provided $50-deductible collision coverage, and $250-deductible uninsured motorist coverage. Upon payment by the insurer of the administrator's claim for $875 for collision damage to the deceased's automobile, the insurer obtained from the administrator a loan receipt providing: "Received from Gulf American Fire and Casualty Company the sum of $875.00 as a loan, without interest, under Policy No. ACF317365, repayable only in the event and to the extent that any net recovery is made by me from any person or persons, corporation or corporations, or other parties, on account of loss by automobile accident to my property on or about the 7th day of November, 1965." Thereafter the administrator filed an action for damages, including $925 property damage to the deceased's automobile, and obtained a judgment for $9,000 against James Allen Kilgore, an uninsured person alleged to be liable for the deceased's injuries and damages resulting from the collision. The administrator's answer admits the plaintiff's allegation that "the plaintiff as required by said policy, paid to the defendant the sum of nine thousand ($9,000) dollars in satisfaction of the defendant's judgment against James Allen Kilgore." An attached copy of the Cancellation of Execution shows that the judgment against the uninsured motorist was satisfied by the insurer's payment to the administrator of $8,750 principal, "which represents the $9,000 judgment less $250 deductible for property damage under the Uninsured Motorist Act," and costs and interest on the judgment. In the present action the insurer seeks to recover from the administrator the $875 paid under the collision coverage, basing its right of recovery on the loan receipt executed by the administrator.

From the pleadings in the present action it appears that the defendant sued the uninsured motorist for not less than $9,000 damages, and that this sum included a claim of $925 for property damages, so that property damages in some amount up to $925 could have been awarded in that suit. The pleadings do not allege that any evidence was introduced by either

party in that suit on the issue of property damages, or whether or not the verdict and judgment included property damages. They do not allege whether or not there was a defense of comparative negligence.

Under the terms of the loan receipt the insurer is entitled to repayment only in the event recovery is made "on account of loss by automobile accident to [the insured's] property." The pleadings do not show that the insurer's payment of the judgment to the administrator did not include any recovery on account of property loss. Accordingly, taking the pleaded facts as true, they do not show the administrator is entitled to judgment as a matter of law.

The administrator argues that only if the tortfeasor whom he sued paid the judgment would there be a "recovery" within the meaning of the loan receipt. The pleadings show that the insurer paid the judgment under an enforceable contract obligation. The Cancellation of Execution shows that the insurer's payment was on behalf of the tortfeasor in satisfaction of the judgment against him. We cannot conceive of this not being a recovery by the administrator. And if property damages were included in the judgment, the insurer's payment of these damages was not voluntary and unrecoverable, as contended by the administrator, under *Code* § 20-1007. *Horton v. Continental Cas. Co.,* 72 Ga. App. 594, 598 (34 SE2d 605).

The case of *Citizens Bank of Waverly Hall v. Fidelity & Deposit Co. of Md.,* 156 Ga. 581 (119 SE 518), does not support the administrator's position. There the plaintiff surety indemnified the defendant bank for an embezzlement loss under a contract that provided that in the event of a claim under the contract the bank would aid the surety to procure reimbursement from the wrongdoing employee or his estate, and that the bank and the surety would share proportionately any recovery made on account of the loss. The Supreme Court held that donations made by the family and friends to apply on the employee's debts to the bank were not a "recovery" within the contemplation of the contract but were voluntary payments. The payment made by the insurer in the present case was not of the same character.

The trial court erred in sustaining the defendant's motion for judgment on the pleadings.

*Judgment reversed. Bell, P. J., and Quillian, J., concur.*

Argued February 6, 1968—Decided March 1, 1968.

*Hull, Towill & Norman, Wyck A. Knox, Jr.,* for appellant.

*Fulcher, Fulcher, Hagler, Harper & Reed, N. William Pettys, Jr., J. Walker Harper,* for appellee.