## 45346.  ALLEN v. MYERS-DICKSON FURNITURE COMPANY.

BELL, Chief Judge. 1. The motion to dismiss the appeal is denied.

2. When a party makes a motion for judgment on the pleadings, he admits, *for the purposes of the motion,* the truth of his adversary's allegations and is also deemed to have admitted that his allegations which have been denied are false. *Gulf American Fire &c. Co. v. Harper,* 117 Ga. App. 356 (1) (160 SE2d 663). After denial of the motion, the admissions made by the moving party are not binding and conclusive upon the movant so as to preclude him from contending and proving at trial that the denials, in his answer, of the allegations of his opponent are true. M. Snower & Co. v. United States, 140 F2d 367. The concessions made by a party for the purpose of a motion for judgment on the pleadings do not continue over for the separate consideration of his adversary's motion for judgment on the pleadings. See Prepo Corp. v. Pressure Can Corp., 234 F2d 700, 702. In the instant case, defendant denied the material allegations of plaintiff's complaint; then moved for judgment on the pleadings which was denied. Thereupon the trial court granted plaintiff's motion for judgment on the pleadings. The only theory for this grant shown by the record is that defendant was held bound by the admissions made in her motion. This is impermissible. Nothing more appearing, the trial court's grant of plaintiff's motion was erroneous.

*Judgment reversed. Quillian and Whitman, JJ., concur.*
ARGUED MAY 4, 1970—DECIDED JULY 16, 1970.

*John Harris Paer,* for appellant.