## 26913. FORSYTH COUNTY BOARD OF COMMISSIONERS et al. v. ADAMS.

HAWES, Justice. Adams filed a complaint seeking a writ of mandamus against the Board of Commissioners of Roads and Revenues of Forsyth County, to compel said board to reinstate a certificate of occupancy, or special use permit, which authorized him to use a described tract of land for mobile home park purposes. The defendants filed an answer in which they admitted some of the factual allegations of the plaintiff's complaint, denied others, and pled that for want of sufficient information they could neither admit nor deny the remaining factual allegations set forth therein. Subsequently, the defendants filed an amendment to their answer in which they set forth several of the provisions of a "subdivision regulation" resolution adopted by the county prior to the issuance of the certificate of occupancy sought by the plaintiff to be reinstated, and contended, in effect, that the plaintiff had failed to observe those regulations and that this failure authorized the revocation of the certificate of occupancy. The trial court granted plaintiff's application for a man-

damus and that judgment is the subject matter of this appeal.

The plea of the defendants that they were without sufficient information to either admit or deny certain allegations of the complaint had the effect of a denial. Ga. L. 1966, pp. 609, 619; 1967, pp. 226, 230 (*Code Ann.* § 81A-108 (b)). Considered with the direct denials of allegations of fact set forth in the complaint as embodied elsewhere in the answer, these denials, at least, raised an issue of fact as to whether the plaintiff had expended sufficient money in the development of his trailer park so as to estop the defendant county commissioners from revoking his use permit under the principles announced in such cases as *Holt v. Parsons*, 118 Ga. 895, 899 (45 SE 690); *City of Elberton v. Pearle Cotton Mills*, 123 Ga. 1 (1) (50 SE 977); *Whipkey v. Turner*, 206 Ga. 410, 415 (57 SE2d 481); *Black v. Barnes*, 215 Ga. 827, 829 (114 SE2d 38); *Goodwin v. First Baptist Church*, 225 Ga. 448, 451 (169 SE2d 334). This was an issue of fact upon which the parties should have been afforded an opportunity to submit evidence and which should not have been decided by the trial court by merely entering a judgment on the pleadings. One of the regulations pled by the county and alleged to be in force and effect at the time the plaintiff applied for and was granted the use permit provided that unless work shall have begun on the subdivision for which the planning commission has issued a development permit within one year from the date of such permit, then the permit shall lapse and the developer shall be required to obtain a new development permit. The certificate of occupancy upon which the plaintiff relies was issued on September 25, 1969. It bears the notation that it was issued for approximately 300 trailer spaces; that 50 spaces are to be developed now, and the others to be started by April, 1970. The defendants contended that, aside from acquiring the property and erecting a sign or signs, that as of January 11, 1971, when plaintiff was notified of the revocation of his certificate of occupancy

that no work toward developing the trailer park had been done and that under the rule above referred to and the condition set forth in the certificate of occupancy they were authorized to revoke said certificate. Whether these allegations are true is an issue of fact to be decided upon the introduction of evidence and could not be decided by the trial judge on the pleadings alone since they clearly present issues of fact. Under these circumstances, the trial court erred in rendering the judgment appealed from.

*Judgment reversed. All the Justices concur.*
ARGUED JANUARY 10, 1972—DECIDED APRIL 6, 1972.

*Boling & Neville, Richard Neville,* for appellants.
*Spence, Garrett & Spence, D. William Garrett, Jr.,* for appellee.