## 29826. FORSYTH COUNTY BOARD OF COMMISSIONERS v. ADAMS.

UNDERCOFLER, Presiding Justice.

When this case was previously here for review, the opinion of this court stated: "One of the regulations pled by the county and alleged to be in force and effect at the time the plaintiff applied for and was granted the use permit provided that unless work shall have begun on the subdivision for which the planning commission has issued a development permit within one year from the date of such permit, then the permit shall lapse and the developer shall be required to obtain a new development permit. The certificate of occupancy upon which the plaintiff relies was issued on September 25, 1969. It bears the notation that it was issued for approximately 300 trailer spaces; that 50 spaces are to be developed now, and the others to be started by April, 1970. The defendants contended that, aside from acquiring the property and erecting a sign or signs, that as of January 11, 1971, when plaintiff was

notified of the revocation of his certificate of occupancy that no work toward developing the trailer park had been done and that under the rule above referred to and the condition set forth in the certificate of occupancy they were authorized to revoke said certificate. Whether these allegations are true is an issue of fact to be decided upon the introduction of evidence and could not be decided by the trial judge on the pleadings alone since they clearly present issues of fact." This court also held in that opinion that an issue of fact existed as to whether the plaintiff had expended sufficient money in the development of the trailer park to estop the county commissioners from revoking his use permit under principles set forth in cited cases. *Forsyth County Bd. of Commrs. v. Adams,* 228 Ga. 845 (188 SE2d 790).

The case was tried before a jury, the issues of fact were presented, and a mistrial declared. A judgment notwithstanding the mistrial was granted to Adams and the appeal is from that judgment. *Held:*

The evidence on these issues of fact did not demand a verdict for Adams. Therefore the trial court erred in granting a judgment notwithstanding the mistrial.

*Judgment reversed. All the Justices concur.*

ARGUED APRIL 14, 1975 — DECIDED APRIL 29, 1975.

*Boling, Neville & Shinall, Richard Neville, Zack A. Rice,* for appellant.

*Spence, Garrett & Spence, D. William Garrett, Jr.,* for appellee.