## 53945. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY v. PENROW et al.

ARGUED MAY 5, 1977 — DECIDED MAY 13, 1977 —
REHEARING DENIED MAY 31, 1977.

*Fulcher, Hagler, Harper & Reed, John I. Harper,* for

appellant.

Oscar Penrow, Jr., *pro se.*

*Hull, Towill, Norman, Barrett & Johnson, David E. Hudson,* for appellees.

DEEN, Presiding Judge.

1. As was held on the first appearance of this case, the reservation of rights agreement which State Farm took from its insured Penrow avoided an estoppel against it based on the mere fact that it conducted a defense of the tort suit. Id., p. 821.

2. This does not, however, decide the question of waiver or estoppel to urge a policy forfeiture based on dealings between Wright and the company, which exact question required reversal of the summary judgment on the first appearance of this case. Wright's counsel deposed then and testifies now that he would never have agreed to open the default except on the understanding that the policy violation would be waived. The company's claims adjuster deposed there and testified here that he never told counsel that State Farm would waive the policy violation. Additionally, it appeared on this trial that the reason why counsel would not have allowed the default to be opened except for the waiver was that at that time it would have been a simple matter for Wright to dismiss and refile the tort action, giving State Farm notice of its actions, and this would have wiped out the reservation of rights defense. Notice that the reservation existed appears some six months later. When this declaratory judgment action, seeking a ruling on State Farm's liability on the policy, was actually filed and interrogatories served on Penrow, he had moved to Florida and it would have been impossible to dismiss and refile in this state. That any ruling of the appellate court in a case is binding in all subsequent proceedings, see Code § 81A-160 (h); *Lee v. Warren,* 231 Ga. 129 (200 SE2d 270). The question of waiver remained for jury determination.

3. Nor is this ruling in conflict with *Continental Ins. Co. v. Weekes,* 140 Ga. App. 791 (232 SE2d 80) which holds merely that where a reservation of rights agreement is operative against a defendant insured it is operative also

upon an administrator substituted in his place upon his death. Waiver and estoppel were not there involved.

4. Estoppel includes "admissions upon which other parties have acted, either to their own injury or the benefit of the persons making the admissions." Code § 38-114. It rests upon a reliance by the invoking party on the words or acts of the estopped party. Brotherhood of Railroad Trainmen v. Central of Ga. R. Co., 415 F2d 403. Where a justified reliance by one party on representations or conduct of the other results in a change of position to the detriment of the former, estoppel results. *Morgan v. Maddox,* 216 Ga. 816 (1-d) (120 SE2d 183). Here it was a fact question whether the insurer's claims adjuster said what he was quoted as saying and whether, if so the plaintiff's counsel had a right to rely upon it as an assurance that if the company opened the default and defended the case without further negotiation it would indicate their intention not to insist on the policy violation. The jury decided this question in favor of the plaintiff in the tort action. That her position would have been changed for the worse if the insurer later changed its mind is clearly limned by testimony that the insured Penrow had no assets with which to meet the $40,000 judgment which was eventually obtained against him. There is no contention but that plaintiff's counsel could and would have dismissed and refiled when Penrow's defense went into default had he not assumed this removed the obstacle, and the only question is whether this assumption was justified. The record establishes that at that time the insurer's own position had not been prejudiced by the late notice, and its own counsel later testified, "Of course, what should have been done is the suit should have been dismissed and refiled. And then this wouldn't, we wouldn't be here today." The jury found that the failure to dismiss and refile was due to reliance on statements of the insurer's agents. The evidence supports, although it does not demand, this conclusion. Accordingly, the trial court properly denied State Farm's motion for directed verdict.

*Judgment affirmed. Webb and Marshall, JJ., concur.*