### 60801. PETER E. BLUM & COMPANY v. FIRST BANK BUILDING CORPORATION et al.

McMURRAY, Presiding Judge.

Peter E. Blum, doing business as a sole proprietor in the name of Peter E. Blum & Co., had been a tenant since approximately 1967 in the leasing of office space in the City of Atlanta from First Bank Building Corp. Since 1969 he has occupied this office space under leases which had been renewed periodically. The last lease which he executed was dated December 4, 1973, representing a renewal of a lease expiring on January 1, 1974. The lessor granted therein an option to extend for a period of 3 years at the then current rental rate for comparable space on the 16th floor of the building. This lease would expire on December 31, 1976, but with an option to extend for 3 years it was extended to expire at the end of the option on December 31, 1979.

Blum contends that he made substantial improvements in the office space which he estimates was at a cost of $50,000. He further contends that in November, 1978, while there was still an excess of a year remaining on the lease he was contacted by the adjoining tenant, Merrill Lynch, Pierce, Fenner & Smith, Inc., with reference to taking over the office space. He notified the management to determine if his lease would be renewed at its expiration. He further contends that a vice president of the lessor told him that his lease would be renewed at its expiration. Consequently, he advised Merrill Lynch that he would accept only if the full cost of relocating his office and duplicating his improvements would be made. Merrill Lynch advised that they did not care to incur the cost of duplicating the improvements or relocating him. He then contends he again advised the vice president of the lessor and gave him copies of all the correspondence and confirmed that the lessor agreed to renew his lease at its expense.

The letter to the lessor was acknowledged, and it did not refute nor rebut the statement in the letter concerning the renewal of the lease. The lessor, through its vice president, acknowledged that he was "glad . . . [Blum was] . . . looking forward to remaining for many

years to come." Based upon the above, Blum contends he discontinued negotiations with Merrill Lynch; but approximately 7 months after agreeing to renew his lease, the lessor informed him it was not renewing the lease, although offering him other space in the building at double the rent he was paying for the same space and 50% higher than the base rental being charged him on that date.

First Bank Building Corp., the lessor, then as plaintiff, on October 29, 1979, brought the action here involved for declaratory judgment against Blum alleging that the defendant had advised plaintiff that he considered its lease to have been renewed and that defendant does not intend to vacate the premises upon the expiration of the lease term on December 31, 1979. Plaintiff prayed that the court declare the lease agreement has not been renewed as defendant contends; that it expires on December 31, 1979; that defendant has no right to occupy the premises in question after December 31, 1979, and should enjoin defendant from occupying the premises in question after that date.

The defendant answered, denying the claim for declaratory relief, admitting the lease contract attached to the suit which "speaks for itself," the expiration of that lease on December 31, 1979, but plaintiff had no right to repudiate its prior agreement to renew its lease with the defendant. Attached to this answer was the affidavit of the defendant as to the circumstances with reference to the attempt by Merrill Lynch to obtain his office space, the various letters by and between the parties, and the basis for his claim that his lease has been renewed.

Plaintiff sought by motion a mandatory injunction to prevent the defendant from remaining on the premises beyond January 1, 1980. Same was denied after a hearing.

On January 10, 1980, plaintiff filed a dispossessory affidavit in the same case pursuant to Code § 61-301 with reference to the tenant holding over beyond the term for which the same were leased to him. Plaintiff also sought reasonable attorney fees because of the bad faith and the stubbornly litigious actions of the defendant. By order thereafter the declaratory action was styled Count 1 and the dispossessory proceeding as Count 2. Pursuant to Code Ann. §§ 61-303 and 61-304 (Ga. L. 1970, pp. 968, 969, 970; 1971, pp. 536, 537; 1976, pp. 1372, 1377), the court authorized the tenant to pay all rents due as of the date of the issuance of the dispossessory warrant in the amount of $651.60 and all rent which becomes due after the issuance of the dispossessory warrant as said rents become due, but providing that if plaintiff contests the amount of $651.60 monthly rental it might move upon appropriate notice to the opposing party for a hearing to determine the appropriate amount to be paid under Code

Ann. § 61-304, supra.

Defendant then amended his answer in response to the dispossessory affidavit and incorporated and adopted by reference his affidavit filed in this action on December 10, 1979, as to the circumstances under which the lease was renewed, and by counterclaim in 3 counts sought to make Merrill Lynch, Pierce, Fenner & Smith, Inc., as an additional defendant.

In Count 1 defendant prayed that the lease be declared renewed. In Count 2 he sought damages against Merrill Lynch for all damages caused as the proximate result of its tortious conduct in inducing plaintiff to breach its agreement with defendant in order to lease its premises to Merrill Lynch. In Count 3 defendant sought reasonable attorney fees in connection with the action. Merrill Lynch, Pierce, Fenner & Smith, Inc., on motion, was made an additional party defendant and answered the complaint, in general, denying any claims against it.

Plaintiff then filed its motion for judgment on the pleadings. At that point in time all of the above uncontested facts were evident from the various pleadings. A hearing was held thereon, and judgment was entered in favor of the plaintiff and against the defendant; but as amended, it was granted only as to Count 2 (dispossessory proceeding) of the complaint. The trial court also made an express determination "that there is no just reason for delay and expressly directs the entry of Judgment on Plaintiff's Motion for Judgment on the Pleadings." Defendant appeals. *Held:*

1. In a motion for judgment on the pleadings all of the well-pleaded material allegations of the moving party which have been denied are deemed to be false and all the well-pleaded material allegations of the opposing party are deemed to be true. See *Draper & Kramer, Inc. v. Lerow,* 143 Ga. App. 413 (238 SE2d 560); *Allen v. Myers-Dickson Furniture Company,* 122 Ga. App. 194 (176 SE2d 508); *Gulf American Fire & Casualty Company v. Harper,* 117 Ga. App. 356 (1) (160 SE2d 663). Such judgment may not be granted unless the moving party establishes that under no circumstances and under no state of facts would the opposing party be entitled to prevail. *Auerback v. Maslia,* 142 Ga. App. 184, 185 (235 SE2d 594); *Hallman v. State of Georgia,* 141 Ga. App. 527, 529 (3) (233 SE2d 839); *McClure v. Leasco Computer, Inc.,* 134 Ga. App. 871, 873 (216 SE2d 689).

2. Here defendant Blum in opposition to the motion in which the plaintiff seeks to prevail on its dispossessory action contends that he denied he was holding the premises over and beyond the term of his lease and that he was occupying the premises pursuant to a valid and enforceable renewal of the lease. Defendant contends the trial

court was in error in granting plaintiff's motion for judgment on the pleadings as to the dispossessory action; and plaintiff is estopped from asserting that the lease had not been renewed, contending the evidence (attached to the pleadings) disclosed that the first vice president of the plaintiff had agreed to renew the lease as had been consistently done in the past as shown by the letters, and in failing to reply when the defendant wrote that he appreciated "your agreeing to renew our lease." Plaintiff replied to this letter and did not deny or refute in any way that it agreed to renew the lease and, in fact, stated that it was "glad that you [Blum] are looking forward to remaining for many years to come." An estoppel arises where one makes representations to another concerning a matter about which the other acts to his injury, or to the benefit of the one making the representation. *Usry v. Hadden,* 87 Ga. App. 710, 711 (3) (75 SE2d 275). What one induces another to regard as true is the truth between them, that is, if the party who acts has been misled by the conduct or statements of the other. See *American Freehold Land Mortgage Company of London Limited v. Walker,* 119 Ga. 341, 343 (46 SE 426).

Defendant argues that the plaintiff having represented to him that his lease would be renewed he had foregone the opportunity to receive a substantial benefit from the defendant Merrill Lynch by reasonably relying on plaintiff's representation that the lease would be renewed. He contends plaintiff had waived and is estopped from asserting that there was no renewal of the lease. See *State Farm Mutual Automobile Insurance Company v. Penrow,* 142 Ga. App. 463, 466 (4) (236 SE2d 275); *Pethel v. Waters,* 220 Ga. 543, 544 (4), 550-552 (140 SE2d 252). He contends that acquiescence or silence, when the circumstances require an answer or denial or other conduct, may amount to an admission. See Code Ann. § 38-409. He therefore contends there is a valid dispute over whether or not the lease has been renewed which would render the granting of a motion for judgment on the pleadings erroneous. See *Forsyth County Board of Commissioners v. Adams,* 228 Ga. 845, 846 (188 SE2d 790). However, we find no estoppel as to plaintiff with reference to this correspondence, or a requirement to deny statements.

3. Plaintiff contends that the lease is required by the Statute of Frauds to be in writing and a new lease has never been executed or prepared. See Code § 20-401; *Hotel Candler Incorporated v. Candler,* 198 Ga. 339 (31 SE2d 693); *Byrd v. Piha,* 165 Ga. 397 (2), 400-403 (141 SE 48); *Cashin v. Markwalter,* 208 Ga. 444, 446 (3) (67 SE2d 226); *Smith v. Helms,* 140 Ga. App. 267, 268 (1) (231 SE2d 778); *Smith v. Top Dollar Stores, Inc.,* 129 Ga. App. 60 (1) (198 SE2d 690).

While defendant claims he has a renewed lease the substance of

admitted facts here shows simply that the plaintiff may have agreed in the future to enter into an entirely new lease with him, but same has never been reduced to writing, and the Statute of Frauds requires same to be in writing. See *Krueger v. Paul,* 141 Ga. App. 73, 75 (232 SE2d 611); *King v. Pate,* 99 Ga. App. 500 (109 SE2d 282).

As to the letters by and between the parties the vice president of the plaintiff (lessor) merely wrote that he was "glad that you are looking forward to remaining for many years to come," and none of the essential terms which would constitute a written lease by and between the parties has been shown in these writings. For same to amount to a written lease of the premises it would have to disclose the subject matter of the contract, the parties thereto, the promise or undertaking, and the terms and conditions. *Douglass v. Bunn,* 110 Ga. 159, 163-164 (35 SE 339); *Pierce v. Rush,* 210 Ga. 718 (82 SE2d 649); *Powell v. Adderholdt,* 230 Ga. 211 (196 SE2d 420).

4. Consequently, while the defendant contends he has a valid lease, no written lease was ever executed as admitted by the parties and while the original lease was in existence there was only an agreement that in the future plaintiff would agree to a lease. See *Russell v. City of Atlanta,* 103 Ga. App. 365 (119 SE2d 143); *Dodson v. Kern,* 136 Ga. App. 522, 526-527 (221 SE2d 693). The admitted facts shown here in the various pleadings creates merely a question of law with reference to the renewal, and since the lessee was holding over after the expiration of the original lease and without a new written lease or formal written extension of the existing lease or something equivalent thereto he became a tenant holding over after December 31, 1979. See *Krueger v. Paul,* 141 Ga. App. 73, 75, supra; *Norris v. Downtown LaGrange Development Authority,* 151 Ga. App. 343, 344 (259 SE2d 729).

5. While no formal writ of possession has issued, judgment has been entered in favor of the plaintiff and against the defendant as to the dispossessory proceeding with an express determination that there is no just reason for delay and expressly directing the entry of judgment on plaintiff's motion for judgment on the pleadings.[1] The judgment was therefore final and binding requiring the defendant to appeal immediately to obtain a review.

*Judgment affirmed. Smith and Banke, JJ., concur.*

ARGUED OCTOBER 8, 1980 — DECIDED DECEMBER 3, 1980.

---

[1] Since this appeal has been filed in this court, the record has been supplemented on more than one occasion. These show that an order granting a writ of possession has been issued and filed as of September 4, 1980, with the writ issued and filed as of September 11, 1980.

*Robert L. Mote, Corneill A. Stephens,* for appellant.
*J. Allen Maines, Gary W. Hatch, C. B. Rogers,* for appellees.