## 71515. TRW, INC. v. EBERSOLE.

(341 SE2d 267)

Deen, Presiding Judge.

Pauline Ebersole was employed by TRW, Inc., and filed for benefits under the company's long-term disability insurance plan in 1981. Benefits were awarded in March 1982 and terminated effective May 1982 because Ebersole's physician filed a report stating that she was not disabled and was capable of returning to work. The plan required her to file a notice of appeal from the decision terminating her benefits within 60 days of the decision. Ebersole did not present the claim for review prior to filing suit approximately eighteen months after the diagnosis, but, at the request of TRW's counsel, she granted the company an indefinite extension of time so that the Administrative Committee could review her claim. This agreement was confirmed in a letter dated November 15, 1983, from TRW's senior counsel which states "I suggested, and you agreed that we treat the complaint as a formal request for review of Ms. Ebersole's claim by the committee." The chairman of the committee reviewed the file and denied the claim. An answer was then filed by TRW. Nine months later, TRW filed a motion for summary judgment to which was attached the affidavit of the chairman of the committee stating that during the review of Ms. Ebersole's claim he discovered that the appeal was untimely and that the denial was also justified on the merits of her claim. The trial court found there was no mention of the timeliness of the appeal when it was considered by the committee, and denied the motion finding there was a genuine issue of material fact to be determined by a jury as to whether TRW granted an untimely appeal and/or the defendant waived the right to claim the appeal was untimely. TRW appeals. *Held*:

Appellant claims it was error for the trial court to deny its motion because Ms. Ebersole failed to exhaust her administrative remedies as required by the plan before filing suit. We believe the real issue was identified by the trial court and is whether TRW's agent made a knowing and intelligent waiver of the filing of a timely appeal. "[P]rovisions of a policy of insurance, made for the insurer's benefit, may be waived either expressly or impliedly by the company's actions." *Barnum v. Sentry Ins.*, 160 Ga. App. 213, 216 (286 SE2d 445) (1981). Whether an insurer has waived strict compliance with a plan provision is normally a jury question. *Employees Assurance Society v. Bush*, 105 Ga. App. 190 (123 SE2d 908) (1962). Appellant claims that the representations in the letter of its attorney do not constitute a waiver by its agent. We, however, agree with the trial court that a jury can find that the conduct of counsel can waive a policy provision. See *State Farm Mut. Auto. Ins. Co. v. Penrow*, 142 Ga. App. 463 (236 SE2d 275) (1977). Moreover, the affidavit of the chairman of the com-

mittee raised for the first time the issue that an untimely appeal was filed. We therefore affirm the trial court and find that issues of fact are raised which require jury resolution.

*Judgment affirmed. Banke, C. J., McMurray, P. J., Sognier, Pope, and Benham, JJ., concur. Carley, J., concurs in the judgment only. Birdsong, P. J., and Beasley, J., dissent.*

BEASLEY, Judge, dissenting.

It is without dispute that plaintiff/appellee chose not to exhaust the administrative remedies provided by law and the Plan which implemented the law but rather, long after the time had expired for seeking administrative review, filed a separate and independent action in the superior court. In so doing, not only did she bypass the orderly review which was available on a timely basis if she felt aggrieved by the termination of benefits caused by the Plan's administrator, but she let the time expire when she could obtain a review as of right. Yet the court leaves open the door for an independent cause of action which cannot be a review of the administrative action because suit was filed before the gratuitous administrative examination of the records in her case took place. And so she is allowed to avoid the orderly processes provided by law.

I would take the view expressed by Judge Bowen in *Jones v. TRW, Inc.*, Civil Action No. CV181-166, December 24, 1981, U.S.D.C., Southern District of Georgia: "Although there is no express statutory exhaustion requirement for an ERISA claim, the Courts, in construing legislative history and intent, have discerned 'that Congress intended a claimant to exhaust his interfund remedies before seeking federal court review.' *Taylor v. Bakery & Confectionary Union*, 455 F.Supp. 816, 819 (E.D.N.C., 1978); see *Amato v. Bernard*, 618 F.2d 559, 566-68 (9th Cir., 1980); *Carpenters Local, etc. v. Pratt-Farnsworth*, 511 F.Supp. 509, 515 (E.D.La., 1981); *Scheider v. U. S. Steel Corp.*, 486 F.Supp. 211 (W.D.Penn., 1980).

"The rationale underpinning the exhaustion doctrine was recently summarized by the Fifth Circuit: 'The reasons for the exhaustion of administrative remedies doctrine include protecting administrative autonomy, deferring to agency expertise, facilitating judicial review through creation of a factual record by the agency, and conserving the time and energy of the courts since the judicial controversy may be mooted if the agency grants the relief sought.' *Baldwin Metals Co., Inc. v. Donovan*, 642 F.2d 768, 771-72 (5th Cir., 1981)."

The review of the record which the employer's counsel agreed to have done after suit was filed and which the administrative committee of the employer undertook, only to discover that exhaustion had not been accomplished, is immaterial except that it establishes that the employee had not first pursued her remedies within the law. That

being the factual case, the employee cannot resurrect her claim by filing an independent cause of action in court, claiming that she is entitled to long term disability benefits which the employer refuses to pay. She is not claiming in the lawsuit that the administrative ruling was wrong, nor can she, because the gratuitous review did not even occur until *after* suit was filed. From whence does her cause of action arise? From Prudential's determination to discontinue benefits effective May 10, 1982. The Plan implementing the federal law (see especially 29 USC § 1133) as construed by federal courts plainly required this to be appealed to the employer's Plan administrative committee. Thereafter a suit could be filed.

That was not done in this case. No review was sought but a suit was filed. I find no authority for the court to review the administrator's decision, or to simply ignore it and make an independent determination that benefits are due. That is what would result if the case were allowed to proceed to trial.

Whether there was a "waiver" of the 60-day provision for application for review by the administrative committee of the decision of the Plan's administrator is irrelevant because this suit does not challenge the decision of the administrative committee; that determination was not even in existence when this suit was filed.

ERISA provides the exclusive remedy in cases where employee disability insurance benefits are sought. 29 USC § 1144 (2); *Champion Intl. Corp. v. Brown,* 731 F2d 1406 (9th Cir. 1984); *Russell v. Mass. Mut. Life Ins. Co.,* 722 F2d 482, 487 (9th Cir. 1983) [reversed on other grounds, *Mass. Mut. Life Ins. Co. v. Russell,* 473 U. S. ___ (105 SC 3085, 87 LE2d 96) (1985)]; *Dependahl v. Falstaff Brewing Corp.,* 653 F2d 1208, 1214 (8th Cir. 1981). Since plaintiff sought to bypass it, no doubt because she knew it was too late to pursue it, and to create a separate cause of action which the law does not recognize, I would reverse the denial of the motion for summary judgment.

I am authorized to state that Presiding Judge Birdsong joins in this dissent.

DECIDED FEBRUARY 7, 1986.

*Gail C. Arneke, David E. Hudson,* for appellant.
*Victor C. Hawk,* for appellee.