A96A0781. WALKER v. SUTTON.
(476 SE2d 34)

Judge Harold R. Banke.

Grace T. Walker sued Raymond Sutton, the alleged truck owner and his driver, Bobby Willis, for personal injuries allegedly sustained in a motor vehicle accident occurring on November 16, 1989. On November 26, 1991, Sutton answered that he was the owner of the logging truck involved in the collision and that Willis, the operator of his truck, was acting in the scope of his employment with Sutton. The same facts were admitted by Sutton in response to Walker's interrogatories. In the pretrial order filed May 20, 1993, the parties stipulated that at the time of the accident, Sutton's vehicle was being operated by Bobby Willis who was hauling logs as Sutton's employee. In the defendant's outline of the case in the pretrial order, Sutton conceded, "Bobby Willis was driving my log truck. [T]he bowed log caught the overpass."

After a jury had been selected in January 1994, Sutton through counsel, advised the trial court for the first time that a search of his business records revealed that he had sold the truck a few weeks prior to the accident and that according to his payroll records Bobby Willis ceased being his employee a few weeks before the accident. Based on the newly discovered information, the trial court discharged the jury. Sutton filed a motion to withdraw admissions and amend answer and a motion to amend the pretrial order. Walker filed a motion in limine asserting that Sutton should not be permitted to

repudiate, change or withdraw his admissions in judicio. The trial court denied Walker's motion and relying on OCGA § 9-11-15, permitted Sutton to withdraw his admissions, amend his answer and the pretrial order.

Citing his own affidavit, his attorney's affidavit, and copies of records obtained from the Georgia Department of Revenue, Sutton moved for summary judgment, contending this evidence proved that he had sold the truck and Willis was not his employee. Sutton failed to offer in evidence a copy of the bill of sale, the payroll records or an affidavit from the purported new owner. In opposition to Sutton's motion, Walker presented evidence that Sutton's liability insurance carrier negotiated a property settlement with her and she testified that the name "Sutton" appeared on the door of the truck at issue. Determining that Sutton's evidence conclusively established that Sutton was not the truck owner and Willis was not his employee, the trial court granted summary judgment to Sutton. *Held*:

1. The trial court erred in denying Walker's motion in limine and granting Sutton's motions to amend his answer, admissions and pretrial order. Even assuming arguendo that Sutton sold the truck as he claimed, the trial court erred in denying Walker's motion in limine. Sutton is estopped from tardily contradicting his responsive pleading, interrogatory responses and pretrial order because of Walker's detrimental reliance. OCGA § 24-4-24 (b) (8). An estoppel arises where one makes representations to another concerning a matter about which the other acts to his injury. *Usry v. Hadden*, 87 Ga. App. 710, 711 (3) (75 SE2d 275) (1953). Sutton's admissions precluded Walker from bringing suit against the alleged proper owner since the two year statute of limitation on Walker's personal injury claim expired prior to Sutton's belated disclosure regarding the purported change in ownership. OGGA § 9-3-33. From November 1991 until February 1994, Sutton's actions effectively misled Walker as to the identity of the owner of the logging truck, well past the expiration of the applicable statute of limitation, thereby prejudicing Walker in maintaining her action on the merits. Compare OCGA § 9-11-36 (b); *Hamrick v. Greenway*, 257 Ga. 287, 288 (1) (357 SE2d 580) (1987) (a court may permit withdrawal or amendment when the presentation on the merits will be subserved thereby and the party who obtained the admissions fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action).

It is undisputed that Walker relied on Sutton's representations, acted in good faith, and otherwise used reasonable diligence. See *Bachrodt Realty Corp. v. Walker*, 237 Ga. 696, 697 (2) (229 SE2d 455) (1976). Further, the record shows that Sutton's insurance carrier negotiated Walker's property damage claim, continued to represent Sutton's interests in defending the personal injury claim, and paid

Walker's property damage claim. The law of estoppel applies between parties and their privies and Sutton would be bound by the actions of his insurer. *Howard v. Perkins*, 229 Ga. 279, 281 (2) (191 SE2d 46) (1972). For these reasons, the trial court abused its discretion when it denied Walker's motion in limine. See OCGA § 9-11-15 (a); and *Leslie, Inc. v. Solomon*, 141 Ga. App. 673, 675 (1) (234 SE2d 104) (1977); compare *Rowland v. Tsay*, 213 Ga. App. 679, 680 (1) (445 SE2d 822) (1994); *Bourquine v. City of Patterson*, 151 Ga. App. 232 (259 SE2d 214) (1979).

The trial court also erred in granting Sutton's motions. "[A]ny attempt to withdraw or amend admissions must be accompanied by a showing that the merits of the case will be subserved." *Yarbrough v. Magbee Bros. Lumber &c. Co.*, 189 Ga. App. 299, 302 (2) (375 SE2d 471) (1988). As discussed above, rather than the merits of the case being promoted, Walker's case was obliterated. Moreover, a pretrial order generally cannot be modified after its entry except to prevent manifest injustice. OCGA § 9-11-16 (b). No such showing of manifest injustice was made. "[T]he test of implied amendment of pleadings should always be whether the opposing party had a fair opportunity to defend, offer evidence, or was misled. [Cit.]" *Carreras v. Austell Box Board Corp.*, 154 Ga. App. 135, 138 (2) (267 SE2d 792) (1980). Whether deliberately or inadvertently, the actions of Sutton as discussed above, clearly misled Walker.

Moreover, the evidence Sutton submitted as to the change in ownership is not dispositive of that issue for several reasons. The copies of paperwork Sutton submitted to the Georgia Department of Revenue in an attempt to transfer title to Mid-State Forest Products, Inc. ("Mid-State") fail to show that Sutton ever properly transferred title to Mid-State or that Mid-State ever became the title owner of the truck involved in the accident.[1] See OCGA § 40-3-35 (b). The certificate of title fails to show a release by the lienholder, Trust Company Bank of Middle Georgia, a condition precedent before Sutton Trucking Company, Inc., the listed title owner, could effectuate a transfer of title to the alleged new owner, Mid-State. OCGA § 40-3-32 (d). Also, if the transfer of ownership occurred on the date which Sutton contends, it is unclear why a title penalty for failing to apply for the transfer of title within 90 days of the date of sale was required. Sutton's apparently unsuccessful effort to transfer title in March

---

[1] Although the copies of the title documents are barely legible, it appears that the Department of Revenue rejected Sutton's application for the change in title using a form titled, "Enclosed Document(s) Submitted for the Issuance of a Title is Being Returned for the Reason(s) Indicated Below." Sutton attempted to have the title changed in March 1990, several months after the collision with Walker's vehicle.

1990 undermines his contention that he just discovered the change in ownership on the eve of trial. Nor has Sutton offered a reasonable explanation for his sudden discovery of the exculpatory information. See *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27, 30 (2) (343 SE2d 680) (1986).

2. The trial court erroneously granted summary judgment to Sutton. Even if Sutton had been entitled to withdraw his admissions and amend his answer and the pretrial order, in so doing, jury questions would have been created. Admissions formally withdrawn from the pleadings are no longer solemn admissions in judicio; nevertheless, a jury may accord them credence and effect upon the trial of a case. *Stallings v. Britt*, 204 Ga. 250, 254 (2) (49 SE2d 517) (1948). See *Wood v. Claxton*, 199 Ga. 809 (1) (35 SE2d 455) (1945). Having determined in Division 1 that the trial court erred in permitting Sutton to withdraw his admissions and amend his answer and the pretrial order, summary judgment must be reversed.

*Judgment reversed. Andrews and Smith, JJ., concur.*

DECIDED AUGUST 30, 1996 — 

*William R. McCracken*, for appellant.

*Fulcher, Hagler, Reed, Hanks & Harper, James E. Enoch, Jr., Glover & Blount, Percy J. Blount, Judson L. Green III*, for appellee.