Ray, Judge, dissenting.
Respectfully, I dissent to the majority's decision in Division 1 affirming the trial court's exclusion of an expert witness named after the scheduling order deadline. While adherence to a scheduling order certainly is important for trial speed and efficiency, in circumstances such as those in the instant case, blind adherence cannot trump our consistent and longstanding posture in favor of the admission of relevant evidence. Redcedar, LLC v. CML-GA Social Circle, LLC , 341 Ga. App. 110, 117 (5), 798 S.E.2d 334 (2017). See OCGA §§ 24-4-401, 24-4-402.
Here, the majority notes that Lee did not identify a rebuttal expert until June 28, 2017, while the scheduling order provided that all experts must be named by May 12, 2017. However, I find it important to consider that Smith waited until the May 12, 2017, which was the deadline for identification of experts, to reveal both that he would claim lost earnings and that he would use a particular expert to testify on this point. Further, the record shows that Smith received the expert's written opinion on May 2, 2017, 10 days before he notified his opponent. Lee likely did not receive notice of the new claim and expert until after May 12, 2017, because the notice was sent by regular mail,[1] thus making it impossible for Lee to name a rebuttal expert in compliance with the scheduling order.
Although the majority finds that some of Smith's earlier filings "should have given Lee an indication of Smith's potential damages claims[,]" the record shows that Smith had earlier responded to an interrogatory and stated that he would "not [be] claiming lost earnings." (Emphasis supplied.) "When a party receives a substantive answer to a discovery request, they are entitled to believe that answer, and they are not required to ... seek clarification of that substantive response[.]" (Citation omitted.) Resurgens, P. C. v. Elliott , 301 Ga. 589, 595 (2) (a), 800 S.E.2d 580 (2017).
Lee clearly was harmed by his inability to present his own rebuttal expert. See generally Walker v. Sutton , 222 Ga. App. 638, 639 (1), 476 S.E.2d 34 (1996) (estopping a party from tardy contradiction of interrogatory responses when the opposing party had relied to its detriment on the prior response). At trial, Smith's expert testified about the amount of money professional high jumpers earn through sponsorship contracts, appearance fees, and prizes. The expert testified that Smith ranked fifth in the world at a meet in 2016 and that a top five high jumper could make about $6,000,000 over the course of his career. During closing argument, Smith's counsel repeatedly argued that Lee failed to rebut this testimony, saying, "[w]ho brought you the only evidence as to what a professional high jumper makes, what ... Smith was reasonably certain to earn over the course of his career? We did. Don't you think for one minute that ... if anything we're saying about the amount of his damages is wrong, [Lee's lawyers would] sit right there, look you in they eye and tell you how we're wrong[?]"
In support of the trial court's strict adherence to the scheduling order, the majority relies on cases which are not factually similar to the circumstances at issue. Moore v. Cottrell, Inc. , 334 Ga. App. 791, 794 (2), 780 S.E.2d 442 (2015) (no abuse of discretion in striking expert affidavit where plaintiffs did not name the expert until 2 ½ years after scheduling order deadline and four days prior to summary judgment hearing); Kohler v. Van Peteghem , 330 Ga. App. 230, 238-239 (3), 767 S.E.2d 775 (2014) (no abuse of discretion in the exclusion of expert testimony where plaintiff failed to identify expert or provide information about his testimony until 16 months after the scheduling order deadline and on eve of trial). Unlike the case before us, neither Moore nor Kohler involves a party who added a critical witness on the deadline date but in such a manner that his opponent was precluded from mustering a timely response.
The majority's reasoning in this matter is inconsistent with our Court's recognized purpose *790 for the rules of discovery. The rules of discovery are designed to "remove the potential for secrecy and hiding of material ... [and] are designed to provide parties with the opportunity to obtain material knowledge of all relevant facts, thereby reducing the element of surprise at trial." (Citations omitted.) Hanna Creative Enterprises, Inc. v. Alterman Foods, Inc. , 156 Ga. App. 376, 378 (2), 274 S.E.2d 761 (1980).
Of course, the admission or exclusion of expert testimony rests in the trial court's broad discretion, and we do not reverse such decisions absent abuse of that discretion. However, "[i]n a civil suit, it is an abuse of discretion to exclude a relevant witness solely on the ground that the witness was not identified during discovery or in a timely manner." (Citations omitted.) The Kroger Co. v. Walters , 319 Ga. App. 52, 60 (2) (b), 735 S.E.2d 99 (2012). Additionally, I believe that a credible case has been made that the trial court did not really exercise any discretion at all and did not consider the reasons for Lee's failure to name an expert timely, but that it automatically deferred to the scheduling order. Thus, I believe that the trial court's decision was in error. Accordingly, I must dissent.[2]

While the certificate of service of the amendments to the response to the interrogatories also indicate it was e-mailed, the record does not indicate what e-mail address was used, or whether the e-mail was received by Lee at all or during the business day of May 12th.

Because I believe that a new trial should be ordered due to the trial court's incorrect decision not to allow Lee's expert to testify, I do not express an opinion on the other errors alleged on appeal.